# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 00-1015

_____

Thomas Moran,

        Appellant,

    v.

Anne-Marie Clarke; Robert Haar; Wayman F. Smith, III; Jeffery Jamison; Clarence Harmon, comprising the Board of Police Commissioners of the City of St. Louis; Ronald Henderson; Paul M. Nocchiero; Gregory Hawkins; Al Klein; Willie Thirdkill; Jack Huelsmann; William Kusmec; William Swiderski; Richard Booker, Jr.; Terrence Dupree; Barry Greene; Steve Petty; Harvey Laux,

        Appellees.

Appeal from the United States District Court for the Eastern District of Missouri.

[PUBLISHED]

_____

Filed: November 4, 2002

_____

Before HANSEN, Chief Judge, MCMILLIAN, BOWMAN, WOLLMAN, BEAM, LOKEN, MORRIS SHEPPARD ARNOLD, MURPHY, BYE, RILEY, MELLOY, and SMITH, Circuit Judges, En Banc.

_____

PER CURIAM.

We recall the mandate that was issued pursuant to our en banc opinion to review the order entered by the district court pursuant to our en banc remand.

Our en banc decision is reported as <u>Moran v. Clarke</u>, 296 F.3d 638 (8th Cir. 2002) (en banc).  In the course of our consideration of the case, we reviewed a motion to recuse that the district court had denied, <u>see id.</u> at 648-49, and we remanded "to the district court with the suggestion that it revisit and more thoroughly consider and respond to [the] recusal request." <u>Id.</u> at 649.  We also expressed our "utmost faith in the district court's ability to rule impartially" on the recusal motion. <u>Id.</u>  On remand, the district court did as we requested, denied the recusal motion, but nevertheless recused.  <u>See</u> <u>Moran v. Clarke</u>, 213 F. Supp. 2d 1067 (E.D. Mo. 2002).  We do not question the district court's decision to recuse on remand.  We focus instead solely on certain remarks and assertions the district court made in the course of its opinion.

We note initially that the district court recognizes that "[i]t is abundantly clear that the undersigned should have fully addressed his relationship with Clarke on the record in response to Moran's recusal request." <u>Id.</u> at 1072.  The district court also recognized that "[i]t is obvious that 'all the relevant facts' were not known in this case." <u>Id.</u>

There can be no doubt that it was the responsibility of the district court to set out "all the relevant facts" when it denied the recusal motion in the first place.  The initial failure of the district court to fully address the extent of his relationship with Clarke and to make known on the record all of the relevant facts that would illuminate the recusal issue left this court with a record on appeal that sorely lacked the judge's explanation and rationale for his denial of the recusal motion.  It was for that reason alone, and for none other, that we asked the district court to revisit and more thoroughly respond to the recusal request.

Indeed, if the district court had initially made the same factual record concerning the lack of a basis for recusal that it now recites in its order after remand, we are certain that its denial of the recusal motion would have been summarily affirmed and no remand ordered.

However, instead of recognizing that this court was giving the district court the opportunity on remand to make the record it should have made, the district court instead concluded, with absolutely no basis at all to do so, that the decision to remand the recusal issue for further consideration was based on his race, the race and sex of the judges of this court who joined the majority opinion, and the race of the plaintiff. The district court gratuitously describes the judges in the majority as "a majority of six white men" and the judges who dissented as "two white men, one white woman, and an African-American man." While the observations are accurate, they are wholly irrelevant and, in our view, were calculated to impugn the integrity of this court in the eyes of the public. The district court continued in the same vein later in its opinion when it wrote that it was left with the impression that "had I been white, or had [the] plaintiff . . . been African-American . . . the majority's opinion on the recusal issue would have been significantly different." Id. at 1075. We disagree. Every judge on this court has, like the district court itself, taken an oath to administer the law impartially, and our duty to decide cases without regard to consideration of race, color, or creed is fundamental and inviolable. Discharging our judicial duties in a way that denies no human being the equal protection of the laws is an absolute bedrock principle from which we cannot, we do not, we have not, and we will not deviate in the slightest way.

The people of the United States must have confidence that their federal judiciary operates in an absolutely racially neutral way. After all, it is in the federal courts where victims of racial discrimination often seek and find relief. The district court's factually unfounded innuendo that this court decided the recusal motion on the basis of race undermines the public's confidence in its federal courts, and runs

3

directly contrary to the district court's own solemn obligation, pursuant to Canons 1 and 2 of the Code of Conduct for United States Judges, to not only uphold the integrity of the judiciary, but also to act always in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

We believe that what was said by this court in Reserve Mining Co. v. Lord, 529 F.2d 181 (8th Cir. 1976) (per curiam), is equally applicable here. As we said on that occasion:

> It is one thing for a district judge to disagree on a legal basis with a judgment of this court. It is quite another to openly challenge the court's ruling and attempt to discredit the integrity of the judgment in the eyes of the public.

Id. at 188.

A proper respect for its obligations to the public and to the judiciary should have counseled the district court to have put aside its baseless, personal, racially oriented speculations, and to have terminated its published recusal order at the end of Part II, instead of engaging in a personal polemic.

The Chief Judge of the United States District Court for the Eastern District of Missouri has made a request by letter for the assignment of a district judge from outside the Eastern District to preside over this case on remand, the reason for the request being that because one of the defendants in the case is now the United States Marshal for the Eastern District of Missouri it would be inappropriate for any judge of that district to preside over the case. Pursuant to this request made by the Chief Judge of the United States District Court for the Eastern District of Missouri, the Chief Judge of this court has selected and designated by a random drawing from all of the active district judges in this circuit the Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, to preside over this case in the

4

Eastern District of Missouri.  This case is remanded to the United States District Court for the Eastern District of Missouri for further proceedings before Judge Pratt consistent with our original en banc decision, which remains unchanged.

Mandate shall issue forthwith.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.