# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3379

_____

United States of America,          \*

                       \*

        Appellee,          \*

                       \*   Appeal from the United States

     v.                 \*   District Court for the

                       \*   Northern District of Iowa.

Melroy Johnson, Sr.,       \*

                       \*

        Appellant.        \*

_____

Submitted:  May 13, 2004
     Filed:  December 14, 2004

_____

Before WOLLMAN, HAMILTON,[1] and BYE, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Melroy Johnson, Sr. appeals from the denial of his request for funds to obtain an expert under the Criminal Justice Act (CJA) in excess of the maximum amount permissible under 18 U.S.C. § 3006A(e)(3) (2003). Because we conclude that we lack jurisdiction, we dismiss the appeal.

_____

[1]The Honorable Clyde H. Hamilton, United States Circuit Judge for the Fourth Circuit, sitting by designation.

## I.

Johnson was tried and convicted of possession and distribution of cocaine base. The district court[2] imposed concurrent sentences of 175 months for each count after granting a substantial motion for downward departure under the United States Sentencing Guidelines Manual (U.S.S.G.) § 5H1.4 (2000), finding that Johnson's severe coronary artery disease was sufficient to justify the departure. Johnson appealed his conviction and the government appealed the downward departure. We affirmed the conviction, but reversed and remanded for resentencing, holding that the district court abused its discretion by improperly applying the guideline. United States v. Johnson, 318 F.3d 821, 826 (8th Cir. 2003).

Before his resentencing hearing, Johnson filed an ex parte application seeking funding for an expert witness under the CJA, arguing that the expert's testimony would help illuminate Johnson's physical state so that the court could reconsider a possible downward departure under § 5H1.4. Although the district court agreed that the costs appeared necessary and recommended approval of an advance authorization of up to $3000, the chief judge of our court[3] disapproved the authorization. Johnson's resentencing hearing proceeded without additional evidence or testimony, and he was sentenced to concurrent sentences of 235 months on each count.

## II.

Johnson argues that the denial of the funds deprived him of due process and effective assistance of counsel. Before we may review such a claim, however, we must assure ourselves that we have jurisdiction to hear it. This is a court of limited jurisdiction, and we may review only final decisions and certain interlocutory

---

[2]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

[3]The Honorable James B. Loken, Chief Judge, United States Court of Appeals for the Eighth Circuit.

decisions of federal district courts.  28 U.S.C. §§ 1291-1292.  We conclude that we do not have jurisdiction to review a discretionary decision of the chief judge.

Under the CJA, a defendant may submit an ex parte application for funding for expert services necessary for his defense, and the district court may authorize up to $1000 for such services.  18 U.S.C. §§ 3006A(e)(1) & (e)(3).  If the defendant seeks funding in excess of that amount, however, he must show that the funds are "necessary to provide fair compensation for services of an unusual character or duration."  18 U.S.C. § 3006A(e)(3).  If the district court certifies the request  for excess funding, it is then submitted to the chief judge of the circuit for approval.  Id. The chief judge's role under the CJA is similarly limited in both 18 U.S.C. § 3006A(d)(3) (attorneys' fees) and § 3006A(e)(3) (other services).  He becomes involved only if the court presiding in the case has approved the request.  The role of the chief judge therefore relates to the management of funds, and the decision to approve a recommendation for excess funds is entirely his responsibility, not that of an appellate panel.  See United States v. Johnson, 549 F. Supp. 78, 80 (D. D.C. 1982) (opinion by Chief Judge Spottswood W. Robinson, III, clarifying his limited authority under § 3006A(d)(3)).

In this case, Johnson is challenging the decision of the chief judge to deny the district court's recommendation to authorize excess fees.[4]  Although there is little

---

[4]If the district court has denied a § 3006A(e) request, this court may conduct a limited review of the denial.  Each case in which we have reviewed the denial of fees, however, has involved review of decisions by the district court, not the chief judge.  We have characterized our review of a district court denial by stating that "[t]he granting and denial of funds under 18 U.S.C. § 3006A(e) is dependent on factual findings and evaluative judgment and thus must be committed to the discretion of the trial court.  Denial or limitation of funds is not grounds for reversal absent a showing of prejudice." United States v. Bledsoe, 674 F.2d 647, 668 (8th Cir. 1982); see also United States v. Bertling, 370 F.3d 818, 820-21 (8th Cir. 2004) (finding no abuse of discretion or prejudice resulting from the district court's failure

case law addressing similar situations before a court of appeals, the Seventh Circuit examined a chief judge's denial of excess payment under section 3006A(d)(3) and held that it did not have jurisdiction to review the chief judge's decision. United States v. D'Andrea, 612 F.2d 1386, 1387-88 (7th Cir. 1980). The D'Andrea court looked to analogous case law regarding review of the chief judge's role in constituting three-judge district courts and concluded that once the chief judge performs a specific statutory duty, no remedy could be pursued except in the Supreme Court. D'Andrea, 612 F.2d at 1388; 28 U.S.C. § 2284. Under the three-judge district court statute, the chief judge has discretion to appoint two judges to complete the court, including at least one circuit judge. 28 U.S.C. § 2284(b)(1). The court of appeals may review a single district judge's decision not to recommend the empaneling of a three-judge court. See Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715-16 (1962) (per curiam); Borden Co. v. Liddy, 309 F.2d 871, 876 (8th Cir. 1962). It ceases to have jurisdiction once the chief judge has acted, however, even over claims regarding the decision to constitute the three-judge court. See, e.g., Miller v. Smith, 236 F.Supp. 927, 931 (D.Pa. 1964) (chief judge of the circuit finding that a three-judge court was not necessary and stating that if his decision was incorrect, the remedy of mandamus would be available in the Supreme Court to correct it).

We agree with the reasoning of the D'Andrea court. The chief judge's decision is neither "a final decision of the district court" under 28 U.S.C. § 1291, nor an appealable interlocutory order under 28 U.S.C. § 1292. It is instead an administrative decision that is beyond our jurisdiction. We conclude that a request for reconsideration of the chief judge's decision can be addressed only to the chief judge, and if denied, the only possible remedy is "a mandamus action in the United States Supreme Court." D'Andrea, 612 F.2d at 1388.

_____

to fund an expert witness).

The appeal is dismissed for lack of jurisdiction.

_____