# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

––––––––––

No. 03-3379

––––––––––

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Melroy Johnson, Sr., | * | |
| | * | |
| Appellant. | * | |

––––––––––

Submitted: June 13, 2005
Filed: July 27, 2005

––––––––––

Before WOLLMAN, HAMILTON,[1] and BYE, Circuit Judges.

––––––––––

WOLLMAN, Circuit Judge.

Melroy Johnson, Sr., appeals from the sentences imposed on him following his conviction on one count of distribution of cocaine base and on two counts of possession with intent to distribute cocaine base, violations of 21 U.S.C. § 841(a)(1). We vacate the sentences and remand for resentencing.

By way of background to the present appeal, Johnson was initially sentenced to concurrent sentences of 175 months' imprisonment on each count. These

––––––––––

[1]The Honorable Clyde H. Hamilton, United States Circuit Judge for the Fourth Circuit, sitting by designation.

sentences reflected the five-year downward departure from the United States Sentencing Guidelines (Guidelines) range of 235 to 293 months' imprisonment that the district court granted based upon Johnson's physical condition.  On appeal, we affirmed the convictions but reversed and remanded for resentencing.  United States v. Johnson, 318 F.3d 821 (8th Cir. 2003).

On remand, Johnson filed an ex parte application under the Criminal Justice Act, 18 U.S.C. § 3006A(e)(3) (2003), seeking funds with which to obtain an expert to help substantiate his claim that he was entitled to a downward departure on the basis of his coronary artery disease under section 5H1.4 of the Guidelines.  Although the district court recommended approval of an advance authorization of up to $3,000, the chief judge of our court disapproved the authorization.  The district court then imposed concurrent sentences of 235 months' imprisonment on each count, which represented the low end of the sentencing range.

Johnson appealed from the sentences, contending that the denial of the requested funds deprived him of due process and the effective assistance of counsel. On December 14, 2004, we dismissed the appeal, concluding that we did not have jurisdiction to review the chief judge's discretionary decision denying the request for funds.  United States v. Johnson, 391 F.3d 946 (8th Cir. 2004).

On April 26, 2005, we vacated our December 14, 2004, judgment of dismissal and granted the parties permission to file supplemental briefs in light of the United States Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005).

The parties dispute whether Johnson preserved a constitutional claim that his sentences violated Booker.  Because we conclude that Johnson has demonstrated prejudicial error and is entitled to resentencing regardless of whether he preserved his claim, we assume for purposes of this appeal that the claim was not preserved.  See United States v. Rodriguez-Ceballos, 407 F.3d 937, 940 (8th Cir. 2005).

-2-

Accordingly, we conduct plain error review under the four-part test of United States v. Olano, 507 U.S. 725 (1993). Pursuant to that test, before we can correct an error not raised at trial, "there must be (1) error, (2) that is plain, and (3) that affects substantial rights. Johnson v. United States, 520 U.S. 461, 466-67 (1997). If all three conditions are met, we may remedy the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

Johnson objects to sentencing enhancements imposed by the district court for drug quantity, obstruction of justice, and a leadership role in the offense. Although the jury did not make factual findings as to quantity, Johnson agreed at sentencing that he had possessed the quantity proved at trial. See December 20, 2000, Sen. Tr. at 3-5. Accordingly, the district court's enhancement based on drug quantity raises no constitutional concerns.

The district court added two levels each for obstruction of justice and Johnson's leadership role. These adjustments resulted in an offense level of 34 (with a sentencing range of 235-293 months) rather than an offense level of 30 (with a sentencing range of 151-188 months). As indicated above, the district court sentenced Johnson to 235 months on each count, the low end of the sentencing range.

The enhancements based on obstruction of justice and Johnson's leadership role were erroneous in light of Booker because they were imposed on the basis of judge-found facts in a mandatory Guidelines regime. In these circumstances, the first two Olano factors are satisfied. See Pirani, 406 F.3d at 550. Whether the error affected Johnson's substantial rights is another matter. To satisfy this factor, "the defendant must show a 'reasonable probability,' based on the appellate record as a whole, that but for the error he would have received a more favorable sentence." Id. at 552.

The record as a whole suggests a reasonable probability that Johnson would have received a more favorable sentence but for the <u>Booker</u> error. <u>See</u>, <u>e.g.</u>, September 12, 2003, Sen. Tr. at 15 ("[M]y worst fear is that [your sentence] is a death sentence. And I feel horrible. I feel embarrassed to be a United States District Court judge, and I've never felt that way before, that I don't have the power to grant you some relief. And I'm personally distraught over it."); <u>id.</u> at 16 ("I'm going to deny with the greatest reluctance that I can muster the defendant's renewed motion for downward departure."). Had the Guidelines not been mandatory, there is little doubt that the district court would have sentenced Johnson to less than 235 months. Indeed, the government appears to concede as much. <u>See</u> Gov't Supp. Br. at 2 ("A fair reading of the record also shows the third plain error factor is met.").

We also conclude that Johnson has satisfied the fourth <u>Olano</u> factor in that the error in imposing a sentence greater than that which would have been imposed "seriously affects the fairness, integrity, [and] public reputation of judicial proceedings." <u>Johnson</u>, 520 U.S. at 467 (citation omitted); <u>Pirani</u>, 406 F.3d at 553-54.

The sentences are vacated and the case is remanded for resentencing.

_____