# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-8003

_____

Richard Scott Rhinehart,

            Petitioner,

      v.

Eighth Circuit Court of Appeals,

            Respondent.

Petition for Extraordinary Writ
[UNPUBLISHED]

_____

Submitted: January 30, 2007
Filed: March 9, 2007

_____

Before WOLLMAN, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Plaintiff, a member of the Iowa Bar and admitted to practice before this court, was appointed by the United States District Court under the Criminal Justice Act (CJA), 18 U.S.C. § 3006A, to represent one Jesse John Wendelsdorf. Following the completion of his duties of representation, plaintiff filed a CJA voucher claiming payment for the services rendered.

Plaintiff states that the amount claimed was "summarily, arbitrarily, and unilaterally cut without notice, hearing, justification or explanation" by the Chief Judge of the Circuit, the Honorable James B. Loken. Plaintiff has filed what he has styled "Motion for Hearing on CJA Fees," asking that the court schedule a hearing on

the motion, to be followed by a review process along with an independent decision by an unbiased arbitrator, following which plaintiff is to be restored to the legal fees to which he is entitled.

We conclude that, for the reasons set forth in <u>United States v. Johnson</u>, 391 F.3d 946 (8th Cir. 2004), we are without jurisdiction to consider plaintiff's motion. The chief judge's role under 18 U.S.C. § 3006A(d)(3) is to rule upon requests for waiver of the maximum amounts of compensation set forth in § 3006A(d)(2). As we held in <u>Johnson</u>, "The role of the chief judge therefore relates to the management of funds, and the decision to approve a recommendation for excess funds is entirely his responsibility, not that of an appellate panel." 391 F.3d at 948. We conclude that the holding in <u>Johnson</u> applies with equal force to plaintiff's motion. <u>See also</u> <u>United States v. Obasi</u>, 435 F.3d 847 (8th Cir. 2006).

The motion is dismissed for lack of jurisdiction.

_____