# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-2822
_____

United States of America

*Plaintiff - Appellee*

v.

Aaron J. Webster

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa, Waterloo

_____

Submitted: February 9, 2015
Filed: June 12, 2015

_____

Before BYE, BRIGHT, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Aaron Jamal Webster pled guilty to one count of possessing an unregistered sawed-off rifle, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. The district court departed (or alternatively varied) upward from the advisory Guidelines range—70 to 87 months—to the statutory maximum of 120 months' imprisonment. Webster appeals, asserting procedural error. Having jurisdiction under 28 U.S.C. § 1291, this court reverses and remands.

Webster, on pretrial release for domestic assault, violated a court order not to visit his girlfriend's residence. A fight broke out between him and her two brothers. As the brothers began to leave, Webster retrieved the unregistered rifle from the residence and shot at their vehicle. His shot shattered the rear window, punctured the driver's headrest, struck the windshield, and narrowly missed the brothers.

Webster argues that the district court committed procedural error by "selecting a sentence based on clearly erroneous facts." *See Gall v. United States*, 552 U.S. 38, 51 (2007). He failed to object to the district court's reliance on the challenged facts, so review is for plain error. *See United States v. Taylor*, 747 F.3d 516, 519 (8th Cir. 2014). Webster must thus show: (1) an error, (2) that is plain, and (3) that affects substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). A plain error will not be corrected unless (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*.

Webster claims the district court based its sentence on the clearly erroneous facts of a pending domestic-assault charge. In written response to the Presentence Investigation Report (PSR), Webster objected to the part of Paragraph 28 that stated the allegations of the charge. The government contends that Webster failed to specifically and clearly object to these allegations. *See United States v. Razo-Guerra*, 534 F.3d 970, 976 (8th Cir. 2008) (objections to PSR must be made with specificity and clarity). The objection reads: "The defendant denies the allegations contained within the first paragraph of paragraph 28. Specifically, the defendant denies being guilty of the pending Domestic Assault charge." Pre-sentencing, Webster clearly and specifically objected to the allegations.

The district court based its sentence on the objected-to facts. The court said the instant offense was "an aggravated circumstance between he . . . and [the girlfriend]. He had abused her before." True, the court says that the fact of abuse is "set forth in the unobjected-to portions of the [PSR], Paragraph 28." The court is wrong. The

unobjected-to part mentions only Webster's conduct on pretrial release. The district court granted the departure/variance after reciting the "aggravated" nature of each particular act of the domestic assault. These acts are listed only in the objected-to part of the PSR.

This was error. A PSR is not evidence and not a legally sufficient basis for findings on contested issues of material fact. *United States v. Wise*, 976 F.2d 393, 404 (8th Cir. 1992). If the PSR's factual allegations are objected to, the government may prove relied-on and contested facts. *See United States v. Hammer*, 3 F.3d 266, 268, 272 (8th Cir. 1993). Then, the court must either make findings by a preponderance of the evidence or disregard those facts. *See* **Fed. R. Crim. P. 32(i)(3)(B)**. The government did not prove the allegations by a preponderance of the evidence.

The error is plain. Rule 32 and the cases just cited make clear that the district court must not consider contested facts without proof by a preponderance of the evidence. *See Olano*, 507 U.S. at 734 (requiring that an error be clear under current law to be corrected).

To demonstrate an effect on substantial rights, Webster must show a reasonable probability that but for the error, he would have received a more favorable sentence. *See United States v. Pirani*, 406 F.3d 543, 552 (8th Cir. 2005) (en banc). The government claims there was sufficient evidence of a domestic assault. The government points to the fight with the brothers, and a text message Webster sent (after the fight) asking a friend to assault the girlfriend. The district court stated that to find the fight's cause would require speculation. The government emphasizes that the PSR recites that the no-contact order was based on "probable cause to believe" that Webster had committed the domestic assault. However, probable cause is a lesser standard than preponderance of the evidence. *See Illinois v. Wardlow*, 528 U.S. 119, 123 (2000). Finally, the government contends that the Guidelines warranted a

departure, so any error is harmless. But the district court expressly did not base its departure solely on the Guidelines. The court stressed the aggravated conduct of abusing the girlfriend.

Webster's substantial rights were affected. Webster, 21, is a high-school graduate with a limited criminal record of driving infractions and violating the no-contact order. There is a reasonable probability that but for the unproved allegations, Webster would have received a shorter sentence. Imposing a sentence greater than what should have been imposed seriously affects the fairness, integrity, and public reputation of Webster's judicial proceedings. *See United States v. Johnson*, 416 F.3d 884, 886 (8th Cir. 2005).

As for remand, the government had notice of Webster's factual objection to the PSR and had fair opportunity to present evidence at the hearing. Following "the traditional path" of limiting the government to one bite at the apple, the district court on remand may re-sentence, whether relating to the Guidelines or statutory grounds under 18 U.S.C. § 3553(a), only based on the existing record. *See United States v. Robinson*, 639 F.3d 489, 498 (8th Cir. 2011); *United States v. Gammage*, 580 F.3d 777, 779 (8th Cir. 2009) (holding that government is not offered second opportunity to present evidence where no "arcane legal principles" are involved, the district court did not mislead or deflect government, and government had sufficient notice of factual objection to conviction).

\* \* \* \* \* \* \*

This court need not reach Webster's argument that his sentence is substantively unreasonable. The sentence is reversed, and the case remanded for re-sentencing.

_____