# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3020

_____

United States of America

*Plaintiff - Appellee*

v.

Aaron J. Webster

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa, Waterloo

_____

Submitted: February 19, 2016
Filed: April 25, 2016

_____

Before BENTON, BRIGHT, and BYE, Circuit Judges.

_____

PER CURIAM.

In this appeal, following remand for resentencing without consideration of certain disputed facts, *see United States v. Webster*, 788 F.3d 891 (8th Cir. 2015), Aaron Webster challenges the amended judgment sentencing him to the statutory maximum of 120 months in prison for possessing an unregistered sawed-off shotgun.

The district court[1] imposed the sentence at the resentencing hearing, after entertaining argument from both sides, and electing to depart or vary upward from the Guidelines range of 70 to 87 months. Counsel moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), and argues that the sentence is substantively unreasonable. In a pro se supplemental brief, Webster additionally argues that the district court erred in applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B). Having jurisdiction under 28 U.S.C. § 1291, this court grants counsel's motion to withdraw and affirms the amended judgment.

Webster's challenge to the section 2K2.1(b)(6)(B) enhancement is reviewed only for plain error because he did not object below, *see United States v. Pirani*, 406 F.3d 543, 549 (8th Cir. 2005) (en banc). There was no error, plain or otherwise, because unchallenged facts in the presentence report supported the enhancement, *see* U.S.S.G. § 2K2.1(b)(6)(B) (increase by four levels if defendant used or possessed firearm or ammunition in connection with another felony offense) & (comment. (n. 14(C))) (defining "another felony offense").

Webster's challenge to the substantive reasonableness of his sentence is reviewed under a deferential abuse-of-discretion standard. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). As Webster notes, the district court imposed the same sentence on remand as Webster received in the first sentencing, and this court identified in the first appeal several mitigating sentencing factors that indicated a reasonable probability Webster would have received a shorter sentence but for the sentencing error. *See Webster*, 788 F.3d at 893. However, the fact that this court "'might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.'" *Feemster*, 572 F.3d at 462 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). While "substantive

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

review exists, in substantial part, to correct sentences that are based on unreasonable weighing decisions," *United States v. Kane*, 639 F.3d 1121, 1136 (8th Cir. 2011) (quotation omitted), this court "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Feemster*, 572 F.3d at 461-62 (quoting *Gall*, 552 U.S. at 51). In reimposing the 120-month sentence, the district court commented in part that the Guidelines did not adequately take into account the seriousness of the offense: Webster had discharged the subject firearm into a fleeing vehicle, narrowly missing the driver. *See* U.S.S.G. § 5K2.6 (stating that court may depart if weapon was used in commission of offense; extent of increase depends on dangerousness of weapon, manner it was used, and extent its use endangered others; discharge of firearm may warrant "substantial sentence increase"). In short, after careful review, this court cannot say that this is the "unusual case" where the district court's sentence will be reversed as substantively unreasonable. *See Feemster*, 572 F.3d at 464.

Finally, review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), reveals no nonfrivolous issues for appeal. The sentence is affirmed, and counsel is granted leave to withdraw.

BRIGHT, Circuit Judge, dissenting.

On remand, the district court imposed the same sentence that was originally imposed without adequately explaining how a sentence of 120 months was still appropriate in the absence of the improper facts the district court emphasized in choosing the original sentence. Because we require district courts to give us better insight into their sentencing decisions to allow for meaningful appellate review and the imposition of a 120-month sentence may be substantively unreasonable, I would vacate Webster's sentence and remand for resentencing. I therefore respectfully dissent.

In United States v. Webster, 788 F.3d 891 (8th Cir. 2015) [hereinafter Webster I], we remanded this case for resentencing. We concluded in a clear, well-written opinion that the district court committed plain error by basing Webster's original sentence on objected-to facts and repeatedly referring to this unproven conduct as "aggravated." Id. at 893. In the absence of this evidence, we concluded there was "a reasonable probability that[,] but for the unproved allegations, Webster would have received a shorter sentence." Id. To highlight why a shorter sentence may be appropriate, we noted Webster's young age, education level, and limited criminal record. Id.

On remand, the district court admitted confusion surrounding our remand for resentencing. (Resent'g Tr. 4). In summarizing our decision, the district court suggested the reason for our remand was she "might not have made [herself] clear as to the bases [for the original sentence]." (Id.) On the contrary, we did not conclude the reasons given by the district court for selecting its sentence lacked clarity. Instead, we explicitly held the district court committed plain error by selecting a sentence "based [on] . . . objected-to facts." Webster I, 788 F.3d at 892.

On remand, the district court did not acknowledge our express holding. In fact, not once in the resentencing transcript did the district court discuss the absence of the objected-to facts in an attempt to explain its new sentence. Instead, despite the omission of the "aggravated conduct" from the record—the main reason provided for an upward variance at the original sentencing hearing—the district court imposed the exact same sentence. (Resent'g Tr. 12-17). Thus the district court imposed the same sentence without acknowledging our holding or providing reasons why the same sentence was appropriate.

We have repeatedly held that a remand for resentencing is warranted when a district court fails to "adequately explain the chosen sentence to allow for meaningful appellate review." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009)

[hereinafter Feemster II] (en banc) (quoting Gall v. United States, 552 U.S. 38, 50, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007)).  To adequately explain a sentence, the district court must "explain its reasons for the sentence . . . with some degree of specificity." United States v. Feemster, 435 F.3d 881, 884 (8th Cir. 2006) [hereinafter Feemster I].  And while a district court has the discretion to impose the same sentence on remand, the district court's discretion is still limited by the requirement to provide "substantial 'insight into the reasons for [the district court's] determination.' " Feemster II, 572 F.3d at 463 (quoting United States v. Kane, 552 F.3d 748, 756 (8th Cir. 2009)).

For example, in United States v. Braggs, 511 F.3d 808 (8th Cir. 2008), we reversed the district court for incorrectly applying a two-level enhancement for abuse of a position of trust.  After resentencing, Braggs appealed arguing imposition of the same sentence was unreasonable.  Id. at 811.  When holding the district court's imposition of the same sentence was not an abuse of discretion, we highlighted the district court's explicit consideration of our opinion and analysis of why the same sentence was appropriate.  Id. at 811-12; see also United States v. Hoover, 246 F.3d 1054, 1062 (7th Cir. 2001) (acknowledging a district court's ability to impose the same sentence following a remand based upon a sentencing error, but requiring the district court to "explain why the change in criminal history did not affect the sentence").

Similarly, in Feemster I, we reversed and remanded for resentencing, holding the record was insufficient for our Court to meaningfully analyze the reasonableness of Feemster's sentence.  435 F.3d at 854.  At resentencing, the district court "further developed its reasoning"—as required by Feemster I—and imposed the same sentence.  Feemster II, 572 F.3d at 459-60.  Concluding the district court provided "substantial 'insight' " into its imposition of the same sentence, we affirmed.  Id. at 463-64 (emphasis added) (quoting Kane, 552 F.3d at 756).

In contrast to either Braggs or Feemster II, this record lacks the evidence needed for our Court to assess whether imposition of the same sentence was appropriate. First, we are unable to determine whether the district court followed our mandate in Webster I. See United States v. Castellanos, 608 F.3d 1010, 1016-17 (8th Cir. 2010) (concluding both the mandate rule and law of the case doctrine " 'express the principle that inferior tribunals are bound to honor the mandate of superior courts within a single judicial system' " (quoting United States v. Bartsh, 69 F.3d 869, 866 (8th Cir. 1995))). The district court not only failed to adequately summarize our holding, but also failed to acknowledge the absence of the objected-to facts. See United States v. Chettiar, 501 F.3d 854, 861-62 (8th Cir. 2007) (holding under the record in the case that it was "impossible given the present record to conduct a meaningful review of whether the district court gave significant weight to any improper or irrelevant factor"). Second, the record is devoid of any analysis for why the same sentence is appropriate in the absence of the objected-to facts. See, e.g., Braggs, 511 F.3d at 811-12 (highlighting the district court's analysis of why the same sentence was appropriate). Without a better explanation from the district court, we are unable to determine whether the same sentence was appropriate.

In addition, an adequate explanation is required "to promote the perception of fair sentencing." Gall, 552 U.S. at 50, 128 S. Ct. 586, 169 L. Ed. 2d 445. As the Supreme Court explained in Gall, the degree of specificity required of an explanation depends upon the context. See id. (generally indicating the degree of justification needed for imposing a particular sentence increases with the degree the sentence deviates from the norm). When a district court finds the same sentence is appropriate after emphasizing improper facts in choosing the original sentence, a better explanation must be required lest we run the risk of the public viewing the federal sentencing system as unfair and arbitrary. When a district court imposes the same sentence after the removal of an improper sentencing factor without explanation, the public is left with the impression that our system is unfair. That action does not speak to the judicial fairness required of all judges under Canons 1 and 2 of the Code of

Conduct for United States Judges. See Moran v. Clarke, 309 F.3d 516, 518 (8th Cir. 2002) (en banc) (per curiam) (referring to the "solemn obligation" of every federal judge "to not only uphold the integrity of the judiciary, but also to act always in a manner that promotes public confidence in the integrity and impartiality of the judiciary").

Even if the district court had not erred by failing to adequately explain its sentence, however, I also seriously question the appropriateness of the imposition of the maximum 120-month (10-year) term of imprisonment. I would remand for reconsideration by the district court for the reasons stated below.

I recognize "[o]ur review of the substantive reasonableness of a variance [or departure] is . . . narrow and deferential." United States v. Dautovic, 763 F.3d 927, 934 (8th Cir. 2014). But our abuse of discretion review is not "a hollow exercise." United States v. Kane, 639 F.3d 1121, 1135 (8th Cir. 2011). The Supreme Court unequivocally stated that "[t]he federal courts of appeals review federal sentences and set aside those they find 'unreasonable.'" Id. (quoting Rita v. United States, 551 U.S. 338, 341, 127 S. Ct. 2456, 168 L. Ed.2d 203 (2007)). Thus, it is the "duty [of our Court] to correct sentencing mistakes"–including sentences our Court finds unreasonable. Id.

Yet, our reversal on the basis of substantive unreasonableness is often left to a district court's decision to vary below the Guideline range. See, e.g., Dautovic, 763 F.3d at 932-34 (reversal after district court imposed 20-month sentence with 135- to 168-month Guideline range); Kane, 639 F.3d at 136 (reversal after district court imposed 120-month sentence with 210- to 262-month Guideline range); Feemster I, 435 F.3d at 883-84 (reversal after district court imposed 120-month sentence with 360-month to life Guideline range). Rarely, if ever, do we hold sentences above the Guideline range substantively unreasonable. See, e.g., United States v. Whitlow, 815 F.3d 430 (8th Cir. 2016) (affirming 108-month sentence with 51- to 63-month

Guideline range); <u>United States v. Moralez</u>, 808 F.3d 362 (8th Cir. 2015) (affirming 210-month sentence with 135- to 168-month Guideline range); <u>United States v. Stoner</u>, 795 F.3d 883 (8th Cir. 2015) (affirming 108-month sentence with 37- to 46-month Guideline range); <u>United States v. Rogers</u>, 423 F.3d 823 (8th Cir. 2005) (affirming 360-month sentence with 57- to 71-month Guideline range). The pattern of failing to reverse above-Guideline sentences on the basis of substantive unreasonableness perpetuates our broken sentencing system. <u>See, e.g.</u>, <u>United States v. Fry</u>, 792 F.3d 884, 894 n.2 (8th Cir. 2015) (Bright, J., dissenting) (listing cases regarding my consistent opinion that the federal sentencing system is " 'broken and a new approach must be taken' " (quoting <u>United States v. Noriega</u>, 760 F.3d 908, 912 (8th Cir. 2014) (Bright, J., concurring)).

As discussed by Former Attorney General Eric Holder, the problem with the federal sentencing system is the "outsized, unnecessarily large prison population." <u>See</u> Eric Holder, Attorney Gen. of the U.S., U.S. Dep't of Justice, Remarks at the Annual Meeting of the American Bar Association's House of Delegates (Aug. 12, 2013), <u>available at</u> http://www.justice.gov/iso/opa/ag/speeches/2013/ag-speech-130812 .html. As the Attorney General stated, "too many Americans go to too many prisons for far too long, and for no truly good law enforcement reason." <u>Id.</u> Our sentencing policy has also resulted in "harsher punishments" for "people of color" throughout the United States. <u>Id.</u> The White House recently highlighted the "decades of overly punitive sentencing policies" through the commutation of numerous prison terms. <u>See</u> Neil Eggleston, White House Counsel to the President, <u>President Obama Has Now Commuted the Sentences of 248 Individuals</u>, The White House (Mar. 30, 2016, 11:01 a.m.), https://www.whitehouse.gov/blog/2016/03/30/president-obama -has-now-commuted-sentences-248-individuals.

As highlighted by my prior opinions and the guidance from the Executive branch, the problem our country faces is not too many lenient sentences. On the contrary, the problem we face is excessive prison terms and high costs to taxpayers

associated with excessive prison terms. Webster's sentence may fall within the category "decades of overly punitive sentencing policies", see id., and, for that reason, Webster's sentence should be vacated and remanded for reconsideration by the district court.

Webster is an African-American man with a high school education. At the time of the offense, Webster had no employment record and came from a broken home. In spite of his adverse life circumstances, Webster has a limited criminal record with the lowest category criminal history score. At the resentencing hearing, Webster also informed the district court of his completion of a 14-hour drug treatment program, and attendance at both anger management and victim impact classes. (Resent'g Tr. 11-12). Thus, in the year between Webster's original sentence and the resentencing hearing, Webster showed the ability for successful rehabilitation. (Id. at 6-7, 11-12 (discussing Webster's behavior while in the custody of the Bureau of Prisons)).

Further, Webster was 20-years-old at the time of the offense. Since 2005, the Supreme Court, has consistently held young people are most likely to change during a period of incarceration. See, e.g., Miller v. Alabama, – U.S. –, 132 S. Ct. 2455, 2464, 183 L. Ed. 2d 407 (2012) (concluding "a child's character is not as 'well formed' as an adult's; his traits are 'less fixed' and his actions are less likely to be 'evidence of irretrievabl[e] deprav[ity]' " (alteration in original) (quoting Roper v. Simmons, 543 U.S. 551, 570, 125 S. Ct. 1183, 161 L. Ed. 2d 1 (2005)). In fact, psychological research indicates the human brain does not reach its ultimate stage of development until adolescents reach their mid-twenties. See, e.g., C. Antoinette Clarke, The Baby and the Bathwater, 53 U. Kan. L. Rev. 659, 710 (2005) (citing John McCrone, Rebels with a Cause, New Sci., Jan 22, 2000, at 22); Melinda Beck, Delayed Development: 20-Somethings Blame the Brain, Wall St. J., Aug. 23, 2012. Thus, young people like Webster are the most likely to reform while in prison. Cf. Miller, 132 S. Ct. at 2464, 183 L. Ed. 2d 407 (noting that Roper and Graham established that juveniles have "greater prospects for reform" and, therefore, " 'are

less deserving of the most severe punishments' " (quoting <u>Graham v. Florida</u>, 560 U.S. 48, 68, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010))).

Taking into account the offense conduct and Webster's limited criminal history, the Guidelines advised the district court that a 70- to 87-month sentence was appropriate. In spite of these circumstances, the district court varied Webster's sentence to the statutory maximum of 120-months' imprisonment. But for me, like in <u>Dautovic</u> and <u>Kane</u>, the "district court's justification for the variance fails to support the degree of the variance in this case." <u>Dautovic</u>, 763 F.3d at 935; <u>see also</u> <u>Kane</u>, 639 F.3d at 1136 (concluding "the district court's . . . sentence [was] the product of unreasonable weighing decisions"). Here, the district court varied Webster's sentence 42% above the bottom-end of the advisory Guideline range and demanded Webster sit in jail 2.75 years more than the top sentence recommended by the Guidelines. The district court's only justifications for the variance were the presence of two guns and the "extremely aggravating circumstances of this offense." (Resent'g Tr. 15-16). Based on the current move in this country to shorten federal sentences, coupled with Webster's age, criminal history, education level, remorse, and efforts to rehabilitate himself, the district court's punishment may well be excessive "under the totality of the circumstances in this case, judged in light of all of the § 3553(a) factors." <u>Kane</u>, 639 F.3d at 1136. Therefore, I would vacate Webster's sentence and remand for reconsideration consistent with this opinion.

Accordingly, I dissent and would vacate Webster's sentence, remanding this case to the district court for resentencing.

_____