# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1775
_____

United States of America

*Plaintiff - Appellee*

v.

Michael Cottrell

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: January 9, 2017
Filed: April 4, 2017
_____

Before COLLOTON, MURPHY, and MELLOY, Circuit Judges.
_____

MELLOY, Circuit Judge.

Michael Cottrell pled guilty to one count of receipt of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1), and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(b) and 2252A(b)(2).

The district court[1] sentenced Cottrell to 360 months' imprisonment, at the bottom of his advisory range under the United States Sentencing Guidelines. Cottrell appeals, arguing the district court procedurally erred by considering unproven facts in imposing the sentence and abused its discretion by imposing a substantively unreasonable sentence. We affirm.

I.

After law enforcement learned that Cottrell was using peer-to-peer file sharing software to download child pornography, officers executed a search warrant at Cottrell's residence. During the search, officers found an HP laptop and notebooks belonging to Cottrell. The notebooks contained handwritten stories by Cottrell depicting incest and minors engaged in sexual acts. A forensic examiner later found 422 videos and 1,687 images of possible child pornography on the laptop, including images of prepubescent children.

During execution of the search warrant, officers interviewed Cottrell. Cottrell admitted he downloaded child pornography and stated he normally did not share his child pornography files. Cottrell also told officers that he was charged with two counts of first degree sodomy as a juvenile in Kentucky, he pled guilty to two counts of misdemeanor third degree sexual misconduct, and he went to counseling. In a second interview, Cottrell stated that he "agreed to misdemeanors" and was put in counseling following the Kentucky charges. Regarding the handwritten stories found during the search, Cottrell explained that in counseling he was taught to write stories about his feelings.

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

Cottrell was indicted for receipt of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1), and possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(b) and 2252A(b)(2). He pled guilty to both offenses. Before sentencing, the Government indicated that based upon the Kentucky incident it would attempt to prove a prior conviction for sexual abuse or abusive sexual conduct involving a minor to increase Cottrell's sentence. The initial Presentence Investigation Report ("PSR") calculated a guideline range of 360–720 months (720 months being the statutory maximum), based on an offense level of 42 and a criminal history category of I. Treating the Kentucky incident as a conviction, the guideline range included the enhancement for a prior conviction pursuant to 18 U.S.C. §§ 2252(b)(1) and 2252A(b)(2). The guideline range also included a five-level enhancement for engaging in a pattern of activity involving sexual abuse or exploitation of a minor pursuant to United States Sentencing Guideline § 2G2.2(b)(5).

Cottrell made a number of objections to the initial PSR. Specifically, Cottrell argued there was insufficient evidence to support an enhancement for a prior conviction. The Government subsequently declined to pursue the enhancement because evidence regarding the Kentucky incident was limited. The only records the Government produced were handwritten juvenile court docket cards that were largely illegible as to what the actual charges were and the final disposition of those charges.

At sentencing, the district court calculated Cottrell's guideline range as 360–480 months. The Government requested a guideline sentence and Cottrell moved for a downward variance. In rejecting that motion, the court stated:

> There are several aggravating factors that could take the Court to the very top of the advisory guideline range, including the fact that he has a prior conviction for hands-on abuse of minor children that were under

his care as a baby-sitter; that he had over 33,000 images,[2] and the guidelines score a level 5 for 600 or more images; and the fact that he violated the terms of his pretrial release by continuing to view and seek out erotica on his cellphone.

Discussing Cottrell's history and characteristics, the court noted "his juvenile commitment for sex abuse second degree out of Kentucky." Cottrell did not object to these comments. The court sentenced Cottrell to 360 months' imprisonment, consisting of 240 months for receipt of child pornography and 240 months for possession of child pornography, to be served concurrently, except that 120 months of the sentence for possession is to run consecutively to the 240 months imposed for receipt.

II.

Cottrell raises two arguments on appeal. First, Cottrell argues the district court procedurally erred by relying on Cottrell's unproven conviction for second degree sexual abuse as a juvenile. Second, Cottrell argues a 30-year sentence for a first offense is substantively unreasonable.

A.

Cottrell contends his 360-month sentence was the result of procedural error. To be clear, the district court did not impose a sentence enhancement based on the unproven conviction. Rather, the court cited the unproven conviction in denying Cottrell's motion for a downward variance. "Procedural error includes failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, *selecting a sentence based on*

---

[2]The PSR stated that Cottrell possessed a total of 33,337 child pornography images. Cottrell did not object.

*clearly erroneous facts*, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (emphasis added) (quotations and citations omitted).

Because Cottrell failed to object to the district court's alleged procedural error, we review for plain error. United States v. Grimes, 702 F.3d 460, 470 (8th Cir. 2012). "To establish plain error, [a defendant] must prove (1) there was error, (2) the error was plain, and (3) the error affected his substantial rights." Id. (alteration in original) (quoting United States v. Miller, 557 F.3d 910, 916 (8th Cir. 2009)). "[A]n error is prejudicial in the sentencing context 'only if there is a reasonable probability that the defendant would have received a lighter sentence but for the error.'" Id. (quoting Miller, 557 F.3d at 916).

Cottrell focuses on two statements from the district court during the sentencing hearing: (1) "There are several aggravating factors that could take the Court to the very top of the advisory guideline range, including the fact that he has a prior conviction for hands-on abuse of minor children that were under his care as a baby-sitter;" and (2) "We talked about . . . his juvenile commitment for sex abuse second degree out of Kentucky." Cottrell argues that these statements lack factual support because the record does not establish the disposition of the Kentucky charges.

It is undisputed that Cottrell was involved in an incident involving sex abuse in Kentucky as a juvenile. However, as the Government conceded, the disposition of the juvenile case is unclear and the Government thus declined to pursue the statutory enhancement based on a prior conviction. Further, though the PSR contained information regarding the Kentucky incident in a number of different paragraphs, Cottrell objected to those paragraphs.

The district court erred in relying on unproven, objected-to facts. "A PSR is not evidence and not a legally sufficient basis for findings on contested issues of material fact. If the PSR's factual allegations are objected to, the government may prove relied-on and contested facts. Then, the court must either make findings by a preponderance of the evidence or disregard those facts." United States v. Webster, 788 F.3d 891, 892 (8th Cir. 2015) (citations omitted). In this case, the Government did not prove Cottrell's prior conviction by a preponderance of the evidence. Thus, the error is plain because "the district court must not consider contested facts without proof by a preponderance of the evidence." Id.

The prior conviction, however, was only one basis for denying Cottrell's requested downward variance. "To demonstrate an effect on substantial rights, [Cottrell] must show a reasonable probability that but for the error, he would have received a more favorable sentence." Id. Cottrell has failed to establish a reasonable probability that he would have received a more favorable sentence if the district court had not relied on his unproven prior conviction. First, the Kentucky charges were only one factor cited by the court in denying a downward variance. The court also denied the variance due to the number of images Cottrell possessed "and the fact that he violated the terms of his pretrial release by continuing to view and seek out erotica on his cellphone." Second, even considering these facts, the court sentenced Cottrell at the bottom of his guideline range. Finally, the conduct underlying the Kentucky charges, regardless of the disposition of those charges, is undisputed. Cottrell readily admitted that he sexually abused minor children as a juvenile in Kentucky and there is evidence in the record as to this conduct. As a result, Cottrell has not shown a reasonable probability "that but for the error, he would have received a more favorable sentence." Id.

-6-

B.

Cottrell also argues his sentence is substantively unreasonable because the district court improperly considered the unproven conviction. We review the substantive reasonableness of a sentence for abuse of discretion. Feemster, 572 F.3d at 461. On appeal, "[a] sentence falling within the applicable guideline range may be presumed to be substantively reasonable." United States v. Linderman, 587 F.3d 896, 901 (8th Cir. 2009). Cottrell argues that, in addition to the improper reliance on the unproven conviction, his sentence is unreasonable because he accepted responsibility, he has no criminal history, and he attempted to prevent further distribution of child pornography. However, as Cottrell's sentence came within the guideline range and is amply supported by the record, Cottrell's arguments are insufficient to rebut the presumptive reasonableness of his sentence.

III.

Accordingly, we affirm the judgment of the district court.

_____