# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1136

_____

United States of America

*Plaintiff - Appellee*

v.

Dana Alan Sam

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Western

_____

Submitted: October 21, 2025
Filed: March 17, 2026
[Published]

_____

Before SMITH, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Dana Sam pled guilty to aggravated sexual abuse by force in violation of 18 U.S.C. §§ 2241(a) and 1153. He now appeals his sentence, arguing it was based on unproven, objected-to conduct. We agree, so we vacate Sam's sentence and remand for resentencing.

# I. Background

At Sam's first sentencing hearing, the district court noted that Sam had not objected to the presentence investigation report (PSR), and it gave him notice pursuant to § 6A1.3 of the U.S. Sentencing Guidelines Manual that it intended to depart upward from the 108-to-135 month Guidelines range, perhaps to life imprisonment. In addition to detailing Sam's instant offense conduct, the district court suggested that other allegations in the PSR — including that Sam sexually assaulted other women; sexually assaulted the victim in this case repeatedly; and otherwise abused the victim and her siblings — might justify such a departure.

Given the gravity of the sentence it was contemplating, the district court continued Sam's sentencing to give him "the opportunity to address some of these concerns." Sam then filed written objections to the PSR, noting specifically that he "denies the conduct described in" paragraphs 25, 26, 28, and 52 and "denies that the conduct mentioned in . . . paragraph [27] was anything other than consensual." Paragraph 25 alleges Sam began sexually assaulting the victim in this case when she was 13 years old, sexually assaulted her "around 200 times," and physically abused her. Paragraph 26 alleges Sam forced the victim's brother to sexually assault her. Paragraphs 27 and 28 allege Sam was investigated, but not charged, for sexually assaulting other women. And paragraph 52 alleges Sam physically and emotionally abused the victim and her siblings. Notably, Sam did not object to paragraphs 6, 7, 23, and 24 of the PSR, which similarly allege Sam began sexually abusing the victim "in her early teens" and physically abused her and her siblings. After Sam objected, the district court held a second hearing where it sentenced Sam to 240 months of imprisonment and 10 years of supervised release.

At the start of Sam's second sentencing hearing, the district court asked defense counsel whether "the defense ha[d] any objection to the [PSR] that's been prepared and filed and the sentencing guideline provided for in the sentencing — or in the [PSR] with the 108- to 135-month guideline range?" Sam's counsel initially responded, "No, Your Honor." But later in the hearing, when the district court began

giving reasons for an upward variance[1] and mentioned conduct described in the allegations Sam objected to — including Sam's sexual assaults of other women, prior sexual assaults of the victim, and physical and emotional abuse of the victim and her siblings — defense counsel interjected, "I'm objecting to any reliance on unproven facts." Despite this, the district court did not rule on Sam's objections. Instead, it continued reciting information from the PSR that appears to be covered by Sam's objections. Just before the hearing ended, defense counsel again stated, "I need to lodge an objection" to the "application of an upward variance based on what we would allege is unproven conduct, Your Honor." The district court responded, "All right. Your objection is noted for the record." But it did not rule on Sam's objections, and the government never presented any evidence to support the disputed allegations.

After the hearing, the district court entered a statement of reasons, clarifying "[t]he Court depart[ed] upward 6-levels for extreme psychological injury under USSG §5K2.3 and extreme conduct under USSG §5K2.8" because "[t]he defendant emotionally, physically and sexually abused the victim in this case since the victim was 13 years old." Sam now appeals, arguing the district court erred by relying on unproven, objected-to conduct alleged in the PSR when fashioning his sentence.

## II. Analysis

As a preliminary matter, the government and Sam disagree on whether the applicable standard of review is abuse of discretion or plain error. *See United States v. Jones*, 563 F.3d 725, 729 (8th Cir. 2009) ("If preserved for appeal we review a procedural error under an abuse of discretion standard; if not properly preserved we

---

[1]It is unclear from the transcript of this hearing whether the district court intended to vary or depart from the Guidelines because it used the two terms interchangeably. *See United States v. Myers*, 503 F.3d 676, 684 (8th Cir. 2007) ("Guidelines departures and post-*Booker* variances are different. There may well be cases that would not justify a departure under the Guidelines but which are appropriate for variance." (cleaned up)).

review for plain error."). Specifically, the government argues that defense counsel failed to preserve Sam's written objections to the PSR because she "effectively withdrew [them] at sentencing." We disagree.

The government contends, at the beginning of Sam's second sentencing hearing, the district court asked if "the defense ha[d] any objection to the [PSR] that's been prepared and filed and the sentencing guideline provided for in the sentencing — or in the [PSR] with the 108- to 135-month guideline range," and defense counsel responded, "No, Your Honor." This is true. But as Sam points out, the district court's compound question could easily have been understood to ask whether Sam had any objection to the Guidelines range stated in the PSR, rather than to the PSR generally. *See* Robert E. Larsen, *Navigating the Federal Trial* § 3:21, Westlaw (database updated July 2025) ("A compound question . . . incorporates two or more separate questions into a single question. The compound question . . . raises two concerns: (1) the witness may be confused . . . and testify inaccurately, and (2) the trier of fact may be unclear about which of the multiple questions the witness is answering.").

This notwithstanding, as soon as the district court started reciting some of the conduct potentially covered by Sam's objections, defense counsel "object[ed] to any reliance on unproven facts," and she renewed her objection and had the court note it for the record just before Sam's hearing concluded. In our view, this was enough to preserve Sam's objections. So we will review for abuse of discretion. *See Jones*, 563 F.3d at 729.

"A district court abuses its discretion when it makes an error of law." *Geier v. Mo. Ethics Comm'n*, 715 F.3d 674, 678 (8th Cir. 2013). Relevant here, "[a] PSR is not evidence and not a legally sufficient basis for findings on contested issues of material fact. If the PSR's factual allegations are objected to, the government may prove relied-on and contested facts. Then, the court must either make findings by a preponderance of the evidence or disregard those facts." *United States v. Cottrell*, 853 F.3d 459, 463 (8th Cir. 2017) (quoting *United States v. Webster*, 788 F.3d 891,

892 (8th Cir. 2015)). Thus, a district court abuses its discretion when it relies on unproven, objected-to conduct to support a sentence, because "the district court must not consider contested facts without proof by a preponderance of the evidence." *Id.* (quoting *Webster*, 788 F.3d at 892); *accord United States v. Combs*, 44 F.4th 815, 817 (8th Cir. 2022).

After his first sentencing hearing, Sam filed written objections to the PSR, stating he "denies the conduct described in" paragraphs 25, 26, 28, and 52 and "denies that the conduct mentioned in . . . paragraph [27] was anything other than consensual." As detailed above, these paragraphs allege Sam sexually assaulted other women, sexually assaulted the victim around 200 times, beginning when she was 13 years old, and physically and emotionally abused the victim and her siblings. Sam did not object to paragraphs 6, 7, 23, and 24 of the PSR, however, and these paragraphs contain similar allegations that Sam began sexually abusing the victim "in her early teens" and physically abused her and her siblings.

During Sam's second sentencing hearing, the district court recounted Sam's history of sexually assaulting the victim and other women and of abusing the victim and her siblings. At least some of this information — including that Sam had previously been investigated for sexually assaulting other women — was only contained in allegations Sam objected to. Consequently, the district court relied, at least in part, on unproven, objected-to allegations from the PSR in sentencing Sam, and it therefore abused its discretion.[2]

Finally, the government does not argue the district court's error was harmless, so we need not resolve this issue. *See United States v. Greene*, 513 F.3d 904, 908 (8th Cir. 2008) ("The government bears the burden of proving the district court's error was harmless . . . ."). Even so, "[o]n the basis of the record before us, we cannot say with any confidence that the district court would not have sentenced the

---

[2]We cannot discern from the transcript of Sam's hearing how much of the information the district court relied on in fashioning his sentence came from the objected-to allegations.

defendant to a lesser sentence . . . had the district court realized that" it needed to disregard or rule on the objected-to allegations in the PSR. *See, e.g.*, *United States v. Cullen*, 432 F.3d 903, 906 (8th Cir. 2006) (quoting *United States v. Haidley*, 400 F.3d 642, 645 (8th Cir. 2005)).[3]

### III. Conclusion

As a result, we vacate Sam's sentence and remand for resentencing.

_____

_____

[3]We express no view on whether the unobjected-to allegations in the PSR could have supported Sam's sentence.