# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2444

_____

United States of America

*Plaintiff - Appellee*

v.

Richard Alan Sigsbury

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 12, 2016
Filed: April 5, 2016

_____

Before LOKEN, ARNOLD, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Richard Alan Sigsbury pled guilty to four counts of distributing child pornography over the internet, four counts of advertising child pornography over the internet, possessing child pornography, and possessing child obscenity. *See* **18 U.S.C. §§ 2252(a)(2)**, **2251(d)**, **2252(a)(4)**, **1466(A)(b)**. Based on the sentencing

guidelines range of 210 to 262 months, the district court[1] sentenced Sigsbury to 262 months' imprisonment. He appeals the substantive reasonableness of his sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Sigsbury asserts no procedural error in calculating the guidelines. Instead, relying on a Sentencing Commission report, he argues that the "guideline for trafficking in child pornography, U.S.S.G. § 2G2.2, is the product of arbitrary legislation by Congress, rather than the careful research and study of the Sentencing Commission." *See* **United States Sentencing Comm'n,** *Report to Congress: Federal Child Pornography Offenses* (Dec. 2012).

This court reviews the reasonableness of a sentence for abuse of discretion. ***United States v. Jenkins***, 758 F.3d 1046, 1050 (8th Cir. 2014). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." ***United States v. Feemster***, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (internal quotations omitted). "If the defendant's sentence is within the Guidelines range, then we 'may, but [are] not required to, apply a presumption of reasonableness.'" ***Id.***, *quoting* ***Gall v. United States***, 552 U.S. 38, 51 (2007).

The district court properly considered the § 3553(a) factors in determining Sigsbury's sentence. *See* **18 U.S.C. § 3553(a)**. The court found that the nature and circumstances of the offenses were "extensive and devastating"— Sigsbury possessed over 500,000 images and more than 600 videos of young boys engaged in sexually explicit conduct. The court also considered Sigsbury's admissions about his sexual

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

attraction to young boys living near him and his uncharged sexual contact with several other young boys. The court told Sigsbury "you obviously have not been able to control or deal with your impulses" and "the other instances of contact as reflected in the government's sentencing memorandum that you attempt to make some purported explanation for just is not credible." The court found "a real and compelling need to protect the public" from Sigsbury. The court heard Sigsbury's argument about the "exaggerated" nature of the child pornography guidelines, yet sentenced him at the top of the range. *See, e.g.*, **United States v. Cubero**, 754 F.3d 888, 900 (11th Cir. 2014) ("While a district court may certainly consider the 2013 report in choosing the ultimate sentence, the report does not invalidate § 2G2.2. And, the district court's use of § 2G2.2 as an advisory guideline does not render [defendant's] sentence procedurally or substantively unreasonable."); **United States v. Grigsby**, 749 F.3d 908, 911 (10th Cir. 2014) ("[T]his does not mean a within-guideline-range sentence based on a guideline lacking an empirical basis is necessarily unreasonable, and none of our sister circuits have ever so held. We agree with the Fifth Circuit that Congress and the Commission are responsible for altering the Guidelines."); **United States v. McLaughlin**, 760 F.3d 699, 707 (7th Cir. 2014) ("Congress and the Commission are responsible for altering the guidelines, and the absence of an empirical basis does not render a guidelines provision *per se* unreasonable or irrational."). The district court did not abuse its discretion.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____