PER CURIAM.
In this appeal, follo'wing remand for re-sentencing without consideration of certain disputed facts, see United States v. Webster, 788 F.3d 891 (8th Cir.2015), Aaron Webster challenges the amended judgment sentencing him to the statutory maximum of 120 months in prison for possessing an unregistered sáwed-off shotgun. The district court[1] imposed the sentence at the resentencing hearing, after entertaining argument from both sides, and electing to depart or vary upward from the Guidelines range of 70 to 87 months. Counsel moves to withdraw under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and argues that the sentence is substantively unreasonable. In a pro se supplemental brief, Webster additionally argues that the district court erred in applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B). Having-jurisdiction under 28 U.S.C. § 1291, this court grants counsels motion to withdraw and affirms the amended judgment.
Webster’s challenge to the section 2K2.1(b)(6)(B) enhancement is reviewed only for plain error because he did not object below, see United States v. Pirani, 406 F.3d 543, 549 (8th Cir.2005) (en banc). There was no error, plain or otherwise, because unchallenged facts in the presen-tence report supported the enhancement, see U.S.S.G. § 2K2.1(b)(6)(B) (increase by four levels if defendant used or possessed firearm or ammunition in connection with another felony offense) & (comment, (n. 14(C))) (defining “another felony offense”).
Webster’s challenge to the substantive reasonableness of his sentence is reviewed under a deferential abuse-of-discretion standard. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir.2009) (en banc). As Webster notes, the district court imposed the same sentence on remand as Webster received in the first sentencing, and this court identified in the first appeal several mitigating sentencing factors that indicated a reasonable probability Webster would- have- received a shorter sentence but for the sentencing error. See Webster, 788 F.3d at 893. However, the fact that this court “‘might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of .the district court.’” Feemster, 572 F.3d at 462 (quoting Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)). While “substantive review exists, in substantial part, to correct sentences -that.- are based on unreasonable weighing decisions,”. United States v. Kane, 639 F..3d 1121, 1136 (8th Cir.2011) (quotation omitted), this court “must give due deference to the district court’s decision that the § 3553(a) .factors, on a whole,-justify the extent of the variance.” Feemster, 572 F.3d at 461-62 (quoting Gall, 552 U.S. at 51, 128 S.Ct. 586). In reimpQsing the 120-month sentence, the district court commented in part that the Guidelines did not adequately take into account the seriousness of the offense: Webster had discharged the subject firearm hito a fleeing vehicle, narrowly missing the driver. See U.S.S.G. § 5K2.6 (stating that court may depart if weapon was used in commission of offense; extent of increase depends on dangerousness of *946 weapon, manner it was used, and extent its use endangered others; discharge of firearm may warrant “substantial sentence increase”). In short, after careful review, this court cannot say that this is the “unusual case” where the district court’s sentence will be reversed as substantively unreasonable. See Feemster, 572 F.3d at 464.
Finally, review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), reveals no nonfriv-olous issues for appeal. The sentence is affirmed, and counsel is granted leave to withdraw.

. The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northérn District of Iowa.