# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2641

_____

United States of America

*Plaintiff - Appellee*

v.

Teresa Ann Kobriger

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: April 14, 2016
Filed: June 10, 2016

_____

Before LOKEN, BEAM, and SMITH, Circuit Judges.

_____

BEAM, Circuit Judge.

Teresa Ann Kobriger appeals following the entry of a guilty plea to a charge of embezzlement by a bank employee in violation of 18 U.S.C. § 656. The district court[1] sentenced Kobriger to twenty-one months' imprisonment, the bottom of the

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

suggested United States Sentencing Guidelines range. Kobriger challenges the length of the imposed sentence on appeal. We affirm.

## I.    BACKGROUND

Kobriger worked for Iowa Falls State Bank from November 2004 through January 2014. From December 2008 to December 2012, Kobriger was the Client Associate Supervisor (head teller) at the bank, in charge of all tellers, the bank vault, and ordering cash for the bank. During her time in this position, Kobriger embezzled more than $140,000. The loss was not discovered until January 2014, when Kobriger was no longer the Client Associate Supervisor, having been promoted to Vice President, Retail Manager in 2013. When questioned about the discrepancy, Kobriger lied and indicated she had likewise discovered the missing money herself in 2006 but was never able to find the origin of the discrepancy. During a one-on-one conversation in Kobriger's home with the bank president, Kobriger explained that a forensic accountant would be confused during the impending investigation because she made fictitious entries to try and fix the problem of the missing money that she had inherited in her 2006 position. She therefore denied stealing the money. However, only five minutes after the president left her home, Kobriger called him and admitted to stealing the money.

Following the entry of her guilty plea, Kobriger moved for a downward variance based on her lack of criminal history, family commitments and social ties, mental health issues, general character, and the fact that at the time of sentencing she had already made good on nearly the entire restitution amount, as she paid $159,181.47 of the $181,393.63 due.[2] The applicable Guidelines range was twenty-

---

[2]With the addition of attorney fees and forensic audit fees to the $144,181.47 embezzled, the total amount of restitution was $181,393.63. So, at the time of sentencing, Kobriger had paid more toward her total restitution than she had actually embezzled.

one to twenty-seven months, with two to five years of supervised release and a fine of $5,000 to $1,000,000, and total restitution of $181,393.63. The district court denied Kobriger's motion for a downward variance and sentenced her to twenty-one months' imprisonment followed by five years of supervised release.

## II.    DISCUSSION

This court reviews the imposition of sentences, whether inside or outside the Guidelines range, under a deferential abuse of discretion standard. United States v. Jones, 612 F.3d 1040, 1044 (8th Cir. 2010). An abuse of discretion occurs when: (1) a court fails to consider a relevant factor that should have received significant weight; (2) a court gives significant weight to an improper or irrelevant factor; or (3) a court considers only the appropriate factors but in weighing them commits a clear error of judgment. United States v. Farmer, 647 F.3d 1175, 1179 (8th Cir. 2011). The fact that this court might reasonably have concluded that a different sentence was better suited is assuredly insufficient to justify reversal of the district court under a deferential abuse-of-discretion standard. United States v. Webster, No. 15-3020, 2016 WL 1637644, *1 (8th Cir. Apr. 25, 2016). "[I]t will be the unusual case when we reverse a district court sentence–whether within, above, or below the applicable Guidelines range–as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quoting United States v. Gardellini, 545 F.3d 1089, 1090 (D.C. Cir. 2008)). Too, where the sentence imposed is within the advisory Guidelines range, this court accords it a presumption of reasonableness. United States v. Scales, 735 F.3d 1048, 1052 (8th Cir. 2013).

Here, Kobriger offered the sort of evidence that *could have* persuaded the district court to vary downward from the advisory Guidelines sentence. For example, offering the character letter from the Iowa Falls State Bank President was certainly favorable to her, as he was a distinctive, unorthodox character witness, to be sure. Kobriger offered evidence to support a conclusion that this crime was out of character

for her and that she had made strides since committing the crime to straighten her life out, even obtaining a new job despite her prior transgressions. Too, she had absolutely no criminal history *and* had paid a notable amount of her restitution at the time of sentencing, which was certainly commendable. However, that the district court *did not* vary downward was not an abuse of its discretion.

On appeal, Kobriger primarily highlights two aspects of this case that she claims should have warranted a downward variance: the substantial payments she made toward her restitution, and her lack of any criminal history.[3] As to her restitution payments, she claims they demonstrated her good character and illuminated the fact that she had committed to righting her wrongs. Certainly a defendant's character, including her commitment to the community and a positive impact on its members, can properly form the basis for a motion for downward variance. United States v. Jefferson, 725 F.3d 829, 834 (8th Cir. 2013). Here, however, the court did not abuse its discretion in declining to vary downward on that basis. Kobriger argues that the district court did not specify the exact amount of Kobriger's notable payment toward restitution, thus indicating this factor was "irrelevant" to the court, or that the court dismissed this evidence "out of hand," but this is not so. The district court discussed the issue, confirmed with the parties that they stipulated to the amount of the two payments totaling $159,181.47, and did not abuse its discretion in failing to vary downward on that basis. Kobriger additionally argues that her large payment toward restitution greatly exceeded payments made by other, unrelated defendants in prior sentencings on similar offenses and should thus

---

[3]On appeal, Kobriger additionally claims the court erred in failing to hear witness testimony from the man that loaned her the money to make the restitution payments. However, despite Kobriger's claim, it is not clear that this witness was offered to attest to Kobriger's character. Rather, defense counsel stated to the court that this witness was available if the court had questions "regarding the [$]144,000 in restitution." This argument is, therefore, unavailing.

have weighed more heavily with this district court, an argument wholly without support in case law. The district court discussed the arguments raised by Kobriger at sentencing and determined that her payments toward restitution did not support a lower-than-Guidelines sentence. The court did not abuse its discretion in doing so.

Kobriger's lack of criminal history also does not support a reversal in this case. Kobriger argues that the district court procedurally erred by failing to adequately consider this factor. She claims the district court actually turned a positive into a negative on this issue by noting that Kobriger's lack of criminal history assisted her in carrying out her crime because she would not otherwise have even been able to work at the bank had she *had* a criminal history. Kobriger claims that in viewing her lack of criminal history as a negative, the district court erroneously disregarded that factor entirely in its 18 U.S.C. § 3553(a) analysis. Kobriger also takes issue with the government's comment at sentencing that because she carried out the embezzlement for four years, *that* was like a criminal history in itself. Despite this panel's similar concerns regarding the government's comments at sentencing, there is no evidence that the district court adopted that reasoning, nor was in any way persuaded by the government's comment. In the sentencing colloquy, the district court appropriately considered Kobriger's lack of criminal history and concluded that given the nature of the crime, her "lack of criminal record [did not] sway [the court] one way or another." There is sufficient indication from the colloquy that the district court adequately considered the factor, did not procedurally err, and did not abuse its discretion in failing to vary downward on this basis.

After viewing Kobriger's exhibits and considering her arguments in light of the § 3553(a) factors, the court concluded that the nature and circumstances of Kobriger's offense gave insight into her character, namely that she endeared herself to her co-workers and employers, established trust with them, stole from them for four years, attempted to hide the embezzlement, and then denied that it occurred. On review of the sentencing colloquy, we have no basis to conclude this was an abuse of discretion.

## III.   CONCLUSION

For the reasons stated herein, we affirm.

_____