# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3720
_____

United States of America,

*Plaintiff - Appellee,*

v.

Scott Sholds,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: January 11, 2016
Filed: July 1, 2016

_____

Before WOLLMAN, MELLOY, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Scott Sholds pleaded guilty to four counts of production of child pornography and one count of possession of child pornography. The district court[1] sentenced Sholds to 960 months' imprisonment, in the middle of the advisory guideline range.

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

Sholds appeals the substantive reasonableness of his sentence. We see no abuse of discretion and therefore affirm.

The investigation of Sholds arose in April 2014 when Floyd Treash called the Fayetteville Police Department to report that Sholds was in wrongful possession of Treash's cellular telephone. After police contacted Sholds, he gave the phone to the officers, and they returned it to Treash.

Treash then discovered four video recordings on his phone. Each video depicted an adult male vaginally or anally penetrating a young female child. The videos ranged from thirty-six seconds to one minute and eight seconds in length, but all appeared to have been recorded during a five-minute period. Treash also found several still images of a female child's genitals on his phone.

Treash believed that Sholds was the male in the videos. He again contacted authorities, and police arrested Sholds. Sholds later admitted that he was the adult male in the videos and that the female child depicted in the videos and still images was the two-year-old daughter of the woman with whom he was living at the time. The victim was under Sholds's supervision at the time of the sexual assault.

Sholds pleaded guilty to four counts of production of child pornography and one count of possession of child pornography, in violation of 18 U.S.C. § 2251(a) and (e), and § 2252A(a)(5)(B) and (b)(2), respectively. At sentencing, the district court determined an advisory guideline range of 360 months to 1680 months' imprisonment. The government recommended the maximum sentence.

Sholds urged the district court to impose a 360-month sentence, citing an absence of sexual misconduct in his record and past problems with mental illness and substance abuse. Sholds also argued that his criminal conduct, which harmed only one victim and occurred over a five-minute time span, was not as egregious as the

conduct in other recent published decisions concerning the production of child pornography. Sholds stressed that if he had simply produced one continuous video of his sexual contact with the victim, rather than four separate recordings, then the statutory maximum sentence for his conduct would have been 600 months' imprisonment, rather than 1680 months.

The district court discussed the sentencing factors under 18 U.S.C. § 3553(a) and rejected Sholds's arguments. The court explained that it had "given a great deal of contemplation and thought" to Sholds's case, and stated that the breadth of Sholds's advisory guideline range "add[ed] even more impetus . . . to examine all of the 3553(a) factors." The court acknowledged that the increased statutory maximum term arising from four separate counts of conviction for production of child pornography was "somewhat concerning" and "probably weigh[ed] on [it] the most in arriving at what is an appropriate sentence." But the court viewed Sholds's actions as "by far the worst conduct [it had] encountered." Based on its review of all of the sentencing factors in § 3553(a), the district court sentenced Sholds to 960 months' imprisonment. The court described the sentence as "an appropriate proxy" for Sholds's life, and said that the sentence was "just" and served as a sufficient deterrent.

Sholds argues on appeal that the sentence is substantively unreasonable. We review the sentence under a deferential abuse-of-discretion standard, *Gall v. United States*, 552 U.S. 38, 41 (2007), and when a sentence is within the advisory guideline range, we presume that it is substantively reasonable. *United States v. Ruelas-Mendez*, 556 F.3d 655, 657 (8th Cir. 2009); *see Rita v. United States*, 551 U.S. 338, 347 (2007).

Sholds contends that the district court did not give enough weight to the fact that his starting and stopping of the video recording resulted in four separate counts of conviction, rather than one, for production of child pornography. With a single conviction for production, he would have been subject to a maximum 600-month

sentence. Although Sholds's criminal history placed him in category VI under the advisory guidelines, he points out that none of his prior convictions involved child pornography or sexual misconduct. Sholds also contends that a comparison of his case with published decisions such as *United States v. Demeyer*, 665 F.3d 1374 (8th Cir. 2012) (per curiam), and *United States v. Price*, 775 F.3d 828 (7th Cir. 2014), shows that a lesser term of imprisonment was warranted. Under the totality of the circumstances, Sholds asserts, a sentence of no greater than 360 months' imprisonment—the bottom of the advisory guideline range—is appropriate here.

None of these arguments persuades us that the district court abused its considerable discretion. A district court has substantial leeway in deciding how to weigh the § 3553(a) factors, and the court was not required to give the allegedly mitigating factors cited by Sholds more weight than the aggravating factors that led the court to select the sentence imposed. *See United States v. Morais*, 670 F.3d 889, 893 (8th Cir. 2012). While it is true that one conviction for production of child pornography, together with the conviction for possession, would have supported a sentence of no more than 600 months' imprisonment, Sholds committed four separate offenses when he decided to create four video recordings. It was not unreasonable for the court to hold Sholds accountable for that choice by sentencing him within the greater statutory maximum allowed by the four convictions.

As for alleged sentencing disparity with other child pornography cases, we have explained that under the advisory sentencing regime announced in *United States v. Booker*, 543 U.S. 220 (2005), one district judge has no obligation to follow the decision of another district judge. *See United States v. Deegan*, 605 F.3d 625, 636 n.4 (8th Cir. 2010). That district judges are permitted under the advisory regime to apply their own policy views inevitably will result in some disparity in the sentencing of similarly-situated offenders that might have been avoided under the original guidelines system. A stiff sentence was not unreasonable here: the district court said

the conduct was the worst it had ever seen.  We conclude that there was no abuse of discretion.

The judgment of the district court is affirmed.

_____