# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 15-3730

———————————————

United States of America

*Plaintiff - Appellee*

v.

Marcus S. Clarke

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

——————————

Submitted: June 13, 2016
Filed: August 5, 2016
[Published]

——————————

Before SMITH, MELLOY, and GRUENDER, Circuit Judges.

——————————

PER CURIAM.

Marcus Clarke appeals his sentence of 360 months in prison for the production and attempted production of child pornography, alleging that the district court[1] imposed an unreasonable sentence. We affirm.

## I. Background

Clarke became the subject of a Prairie Village (Kansas) Police Department investigation after a woman reported finding a text conversation between Clarke and her fifteen-year-old daughter (Victim 1) on her cell phone. Clarke and Victim 1 exchanged text messages about arranging a photo shoot. Following an initial photo shoot, Clarke continued to message Victim 1 to schedule additional photo shoots.

Victim 1 told officers that, following the text conversation, Clarke picked her up at a park in Kansas and drove her to his apartment in Missouri. Clarke took nude digital photos and videos of Victim 1. During one of the video recordings, Clarke rubbed his penis on Victim 1's vagina. Victim 1 was able to identify a photo of Clarke and the location of his apartment. Officers arrested Clarke and found additional sexually explicit photos and videos of young girls.

Officers also learned that Clarke had physically abused his biological daughter (Victim 2). Victim 2 told officers that, when she was eleven years old, Clarke began taking photos of her undressing and videos of him sexually abusing her. Officers found three videos of Victim 2 recorded when she was thirteen years old. In addition, Clarke's ex-girlfriend had reported sexual abuse against Victim 2 several years earlier, but investigators did not find sufficient evidence to bring charges at that time.

---

[1] The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

Following the current investigation, Clarke was indicted on one count of production of child pornography and one count of attempted production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e). Clarke pleaded guilty to both counts. The Presentence Investigation Report ("PSR") recommended that, based on a total offense level of 42 and criminal history category I, Clarke's advisory guideline range was 360 months to life in prison. Clarke was also subject to a fifteen-year mandatory minimum.

At sentencing, Clarke argued to the district court that he should receive a below-guidelines sentence of fifteen years because of his lack of criminal history, his mental condition, his lack of illegal drug use, and his employment. The district court determined that a sentence of 360 months in prison was appropriate. Specifically, the district court noted that Clarke victimized two girls, including his biological daughter and that the § 3553(a) factors supported the sentence. Clarke appeals.

## II. Discussion

On appeal, Clarke argues that the sentence is substantively unreasonable. We review the substantive reasonableness of a sentence "under a deferential abuse-of-discretion standard." United States v. Webster, 820 F.3d 944, 945 (8th Cir. 2016). A sentence is substantively unreasonable when the district court: "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Sigsbury, 817 F.3d 1114, 1115 (8th Cir. 2016) (quoting United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)). Further, "[i]f the defendant's sentence is within the Guidelines range, then we may . . . apply a presumption of reasonableness." Id. (quoting Feemster, 572 F.3d at 461).

Clarke argues that the district court imposed an unreasonable sentence that was greater than necessary to satisfy the statutory goals of sentencing. In particular, Clarke contends that the district court gave undue weight to the fact that Victim 2 was Clarke's biological daughter. Further, he argues that the district court did not consider Clarke's lack of criminal history, his strong employment history, or his mental difficulties as mitigating factors.

Having reviewed the record, we conclude the sentenced imposed by the district court was substantively reasonable. First, Clarke was sentenced within the advisory guidelines range of 360 months to life in prison. Second, the district court specifically noted that it had considered the § 3553(a) factors in determining Clarke's sentence. "A district court has substantial leeway in deciding how to weigh the § 3553(a) factors." United States v. Sholds, — F.3d ----, 2016 WL 3568058 (8th Cir. July 1, 2016). In this case, Clarke created sexually explicit photos and videos of two young girls. The fact that Clarke has a record of steady employment and no criminal history does not render his sentence unreasonable. Further, a medical evaluation performed in advance of sentencing characterized Clarke's alleged mental difficulties as malingering. As such, it was reasonable for the district court to assign little weight to this mitigating factor. The district court did not commit clear error in weighing these factors.

## III. Conclusion

Based on the foregoing analysis, we conclude that the district court did not abuse its discretion by imposing a sentence of 360 months in prison. The judgment of the district court is affirmed.

_____