# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-3861

_____

United States of America

*Plaintiff - Appellee*

v.

Ron Damon Hill

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 19, 2016
Filed: October 14, 2016
[Unpublished]

_____

Before WOLLMAN, ARNOLD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Ron Damon Hill appeals from the sentence of 36 months' imprisonment that the district court[1] imposed after he pleaded guilty to possessing 15 or more unauthorized

_____

[1]The Honorable Rodney W. Sippel, Chief Judge, United States District Court for the Eastern District of Missouri.

access devices. *See* 18 U.S.C. § 1029(a)(3), (b)(1), and (c)(1)(A)(i). He maintains that the district court did not adequately consider the factors enumerated in 18 U.S.C. § 3553(a) when it imposed its sentence and that the resulting sentence was unreasonable.

Contrary to Hill's assertions, the district court, before pronouncing its sentence, made specific reference to the nature and circumstances of Mr. Hill's offense (committed while he was incarcerated), his very extensive criminal history, the need to promote respect for the law, the need for general deterrence, and the applicable guidelines range. All of these are considerations contained in § 3553(a) and so it is plain that the court gave the statute its careful attention. We do not require district courts to make robotic incantations with respect to sentencing factors. *United States v. Blackmon*, 662 F.3d 981, 988 (8th Cir. 2011). Since, moreover, Hill raised no objection at his hearing that the district court had failed to give adequate attention to § 3553(a), we review the matter for plain error. *United States v. Phelps*, 536 F.3d 862, 866 (8th Cir. 2008). For the reasons already alluded to, we see no error here, much less a plain one.

We also reject the contention that the sentence was unreasonable. While the sentence was outside the undisputed guideline range, and so can lay no claim to a presumption that it was reasonable, we detect no abuse of discretion by the district court. The court did not fail to consider an appropriate matter, did not consider inappropriate matters, and made no clear error in judgment in weighing the applicable considerations. *See United States v. Sigsbury*, 817 F.3d 1114, 1115 (8th Cir. 2016). Hill maintains that the district court improperly considered serious misbehavior that he engaged in while incarcerated pending sentencing, but the transcript of the sentencing belies that contention. While Hill stated at sentencing that he had not been charged with that conduct, he did not deny that he engaged in it. There is, moreover, no indication in the record that the district court considered the conduct in fixing Hill's sentence in any case. Hill also asserts that the district court erred by giving too much

weight to his criminal history and the nature and circumstances of his crime, but the record reveals that the weight that the court accorded Hill's extensive criminal record and the particularly egregious circumstances in which he committed his offense was entirely appropriate. We detect no abuse of discretion here.

Affirmed.

_____