# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1267

_____

United States of America

*Plaintiff - Appellee*

v.

Jose David Sumba-Loja

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: November 14, 2016
Filed: November 23, 2016
[Unpublished]

_____

Before MURPHY, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Appellant Jose David Sumba-Loja pled guilty, pursuant to a plea agreement, to illegally re-entering the United States after removal, in violation of 6 U.S.C. §§ 202 and 557; 8 U.S.C. § 1326(a) and (b)(2); and failing to register as a sex offender,

pursuant to 18 U.S.C. § 2250(a). The district court[1] sentenced the appellant to 51 months imprisonment to be followed by five years of supervised release. The appellant appeals, arguing that his sentence is substantively unreasonable. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

I.

Sumba-Loja is a citizen of Equador who unlawfully entered the United States. In 2012, he was convicted in Hennepin County District Court of second-degree criminal sexual conduct with respect to the sexual assault of his girlfriend's daughter. He was sentenced to 36 months imprisonment and was required to register as a sex offender for life. His prison term was stayed, and he was removed to Equador on January 22, 2012. Sumba-Loja subsequently illegally re-entered the United States but failed to register as a sex offender. The appellant was arrested at the Minneapolis-St. Paul Airport on November 19, 2012, as he was about to leave to return to Equador.

In the plea agreement, the parties agreed that the applicable Guidelines section for the offense of illegally re-entering the United States after removal was U.S.S.G. § 2L1.2 and that a 16-level enhancement for having been deported after conviction for a felony that is a crime of violence applied. See U.S.S.G. § 2L1.2(b)(1)(A)(ii). The parties further agreed that a one-level increase should be applied for grouping, Sumba-Loja should receive a three-level decrease for acceptance of responsibility, and the criminal history level was III. The applicable Guidelines range was 51-63 months.

At sentencing, Sumba-Loja requested a downward variance to a sentence of 30 months. In support of this request Sumba-Loja noted that he was not a chronic immigration violator; he followed the example of siblings in originally entering the

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

United States; he had a good employment record in this country; he was seriously injured in a motorcycle accident after his return to Equador which left him with the loss of vision in one eye and loss of the sense of smell, headaches, and the loss of short- and long-term memory; and he only returned to the United States to address financial distress which resulted from his accident and to avoid being a burden on his family. He further asserted that he did not understand his obligation to register as a sex offender. Sumba-Loja also argued that, prior to his apprehension, he had no contacts with law enforcement in the United States, he does not constitute a danger to the community, punishment is needed primarily to deter him from future violations of the immigration laws of the United States, and he did not intend to return.

The United States recommended a sentence of 60 months. In support of its recommendation, the government argued that Sumba-Loja constitutes a "grave danger to very young children," and that, by entering the United States illegally without registering as a sex offender, Sumba-Loja made monitoring of his presence and activities impossible. The government also pointed to Sumba-Loja's history of minor infractions including traffic offenses and failure to file tax returns. The United States argued that the requested 60-month sentence was necessary to protect the public in the United States and in Equador.

## II.

Sumba-Loja claims that his sentence was substantively unreasonable in that the district court failed to properly consider the 18 U.S.C. § 3553(a) factors. Specifically, he contends that the district court did not adequately take into account his physical and mental impairments and his motivation for re-entering the United States, namely his desire to aid his family financially under the strain of his medical expenses. He also argues the district court placed too much weight on public welfare concerns and deterrence.

The substantive reasonableness of a defendant's sentence is reviewed applying a deferential abuse-of-discretion standard. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (citing Gall v. United States, 552 U.S. 38, 51 (2007)). "A district court abuses its discretion 'when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors.'" United States v. Stong, 773 F.3d 920, 926 (8th Cir. 2014) (quoting United States v. Robison, 759 F.3d 947, 950-51 (8th Cir. 2014)). We typically accord a presumption of reasonableness to a sentence that falls within the advisory Guidelines range. United States v. Kobriger, 825 F.3d 495, 498 (8th Cir. 2016) (citing United States v. Scales, 735 F.3d 1048, 1052 (8th Cir. 2013)). That we might have reasonably concluded "that a different sentence was appropriate is insufficient to justify reversal of the district court." Gall, 552 U.S. at 51.

The district court sentenced Sumba-Loja to 51 months imprisonment—at the bottom of the advisory Guidelines range. The court considered pre-sentence position statements submitted by the parties wherein the factors referred to by Sumba-Loja in this appeal were thoroughly presented. Comprehensive arguments were made by counsel for the parties at sentencing. In explaining the reasons for the sentence imposed, the district court acknowledged Sumba-Loja's "significant medical change since [he] was last sentenced," and its impact on his memory. The court concluded that the sentence imposed was appropriate to protect the public, to provide treatment and rehabilitation for Sumba-Loja, and to deter future violations of the law. We are satisfied that the district court considered all of the relevant and significant factors and afforded each factor appropriate weight. See United States v. Gasaway, 684 F.3d 804, 808 (8th Cir. 2012) (holding that, despite defendant's argument that the district court afforded too much weight to some § 3553(a) factors and too little weight to others, it is within the district court's discretion to determine the weight given to each factor); United States v. Townsend, 617 F.3d 991, 994 (8th Cir. 2010) (per curiam) ("The

district court may give some factors less weight than a defendant prefers or more to other factors, but that alone does not justify reversal." (citation omitted)).

Finally, Sumba-Loja argues that the district court gave too much weight to U.S.S.G. § 2L1.2(b)(1)(A)(ii). Specifically, he asserts that the Guidelines section is the product of flawed development and the 16-level increase it provides is excessive. Because Sumba-Loja did not present this argument to the district court we review the same for plain error. United States v. Phelps, 536 F.3d 862, 866 (8th Cir. 2008). After conducting such review, we find no error in the district court's consideration and application of the Guidelines offense level increase specified in U.S.S.G. § 2L1.2(b)(1)(A)(ii).

III.

Accordingly, we affirm the sentence.

_____