# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-3358

_____

United States of America

*Plaintiff - Appellee*

v.

Brandon Devos

*Defendant - Appellant*

_____

No. 16-3359

_____

United States of America

*Plaintiff - Appellee*

v.

Brandon Devos

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: May 8, 2017
Filed: May 18, 2017
[Unpublished]

_____

Before RILEY, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In December 2006, following a guilty plea to conspiracy to distribute heroin, the district court[1] sentenced Brandon Devos to 104 months' imprisonment followed by a three-year term of supervised release. In November 2013, while Devos remained in the custody of the Bureau of Prisons (BOP), he entered a residential reentry center to serve the remainder of his prison term. In December 2013, after failing a breath analysis, Devos escaped from BOP custody but was apprehended days later. In May 2014, Devos pled guilty to escape from custody and the district court sentenced him to 21 months' imprisonment to be served consecutively to the undischarged portion of his prior sentence, followed by a three-year term of supervised release to be served concurrent with the term of supervised release from his 2006 conviction. In November 2015, Devos returned to the residential reentry center and completed his term of imprisonment without incident. In January 2016, Devos began serving his two, concurrent, three-year terms of supervised release.

In June, the United States Probation Office (USPO) filed a petition to revoke Devos's supervision, alleging that Devos violated the terms of his supervised release in four respects: (1) failing to participate in substance-abuse testing; (2) using methamphetamine; (3) associating with a felon or a person engaged in criminal activity; and (4) lying to his probation officer. As to the first and second claims the USPO alleged that Devos intentionally diluted his urine and then, after he was enrolled in a sweat-patch testing program, his sweat patches tested positive for methamphetamine. Devos admitted that he failed to participate in substance-abuse testing, that he associated with one felon noted in the claims, and that he lied to his

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

probation officer. Devos denied that he used methamphetamine despite the positive results on the sweat patches.

At the revocation hearing, a nationally recognized expert on sweat-patch testing, as well as two probation officers testified regarding the allegations of supervised release violations at issue. The district court made factual findings that Devos submitted two diluted urine samples, had positive sweat patches during three time periods, associated with persons engaged in criminal activity as alleged, and failed to truthfully answer inquiries by his probation officer. Having established the allegations in the petition, the court discussed sentencing options, considered the 18 U.S.C. § 3553(a) factors, and held that a return to prison for twelve months followed by a term of supervised release was the best course of action. In so holding the court discussed Devos's "extremely serious" criminal history, the nature of his prior crimes, his potential risk to others given evidence of his poor treatment of women especially, his repeated drug use and violations, and his additional propensity to lie to the very people tasked with monitoring his progress, among other listed factors.

Devos appeals the district court's revocation of his term of supervised release, claiming that instead of revocation, a modification was the better course for the court, allowing him to remain on supervised release but ordering him to attend more intensive drug treatment. We review the district court's underlying factual findings for clear error and its decision to revoke Devos's term of supervised release for an abuse of discretion. United States v. Meyer, 483 F.3d 865, 868 (8th Cir. 2007). The court abuses its discretion when it fails to consider a factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or makes a clear error of judgment. United States v. Goodon, 742 F.3d 373, 376 (8th Cir. 2014). Devos does not argue that the district court failed to properly weigh particular factors, nor does he claim that the charges were false, but rather he argues that the court erred in its judgment to revoke Devos's supervised release instead of merely modifying the terms of that release to include more intensive drug treatment.

Despite the expert testimony regarding the positive methamphetamine tests, which Devos did not challenge, he persistently maintains that methamphetamine use is out of character for him and denies using methamphetamine. He is steadfast that modification, not revocation, was the best course here. Devos is correct that various concerns could equally support modification or revocation, but upon review of this record, including the hearing transcript and the district court's colloquy, we conclude the district court did not fail to consider a relevant factor that should have received significant weight, give significant weight to an improper or irrelevant factor, or commit a clear error of judgment in weighing those factors. There was certainly no clear error in finding Devos violated the terms of his supervised release and at bottom, given the weight we afford the determination of the district court, there was no abuse of discretion in revoking Devos's supervised release. United States v. Kobriger, 825 F.3d 495, 498 (8th Cir. 2016) ("The fact that this court [or certainly the defendant himself] might reasonably have concluded that a different sentence was better suited is assuredly insufficient to justify reversal of the district court under a deferential abuse-of-discretion standard.")

We affirm.

_____