# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1243

_____

United States of America,

*Plaintiff - Appellee,*

v.

Vilaychith Khouanmany,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: January 10, 2018
Filed: June 8, 2018
[Unpublished]

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

In 2016, Vilaychith Khouanmany pleaded guilty to conspiracy to distribute methamphetamine after law enforcement intercepted a package of drugs that she sent

from California to Iowa. The district court[1] determined that Khouanmany was a "career offender" under the sentencing guidelines, and sentenced her to 151 months' imprisonment. Khouanmany appeals her sentence, and we affirm.

In determining the appropriate sentence, the district court concluded that Khouanmany was a career offender under USSG § 4B1.1(a), because she had sustained at least two prior felony convictions for a controlled substance offense. The presentence report showed four prior convictions. In March 2005, she was convicted in California of two felonies: possession of a controlled substance for sale involving a firearm, and cultivation of marijuana. Because these two convictions resulted from offenses contained in the same charging instrument and were sustained on the same day, they count as one predicate conviction under the career offender guideline. *See* USSG §§ 4A1.2(a)(2), 4B1.2(c) & comment. (n.3). In September 2011, Khouanmany was convicted of possession with intent to deliver marijuana under Iowa Code § 124.401.1 (2011). And in January 2012, she was convicted of the same marijuana offense under the same Iowa statute.

At her sentencing hearing, Khouanmany expressly declined to object to the conclusion that she was a career offender, but sought a downward variance from the advisory guideline range of 151 to 188 months' imprisonment. The district court concluded that a sentence at the bottom of the range was appropriate.

On appeal, Khouanmany argues for the first time that she should not have been designated a career offender because she had not sustained two qualifying prior felony convictions for a controlled substance offense. Assuming that this contention is merely forfeited and not waived by Khouanmany's position at sentencing, we

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

conclude that there was no plain error warranting relief. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993).

In support of her position, Khouanmany reasons that neither of the two Iowa convictions qualifies as a predicate conviction under the career-offender guideline, because the Iowa statute encompasses conduct—a "mere offer to sell drugs"—that does not meet the definition of "controlled substance offense." *See* USSG § 4B1.2(b). This court, however, recently considered and rejected the same argument. *United States v. Maldonado*, 864 F.3d 893, 899-901 (8th Cir. 2017). Accordingly, Khouanmany's convictions under Iowa Code § 124.401.1 are controlled substance offenses under USSG § 4B1.2(b), and she was properly classified as a career offender.

Khouanmany also contends that her sentence is substantively unreasonable. We review the district court's decision under a deferential abuse-of-discretion standard, *Gall v. United States*, 552 U.S. 38, 51 (2007), and we presume that a sentence within the advisory guideline range is reasonable. *United States v. Sholds*, 827 F.3d 758, 760 (8th Cir. 2016). Khouanmany argues that the district court abused its discretion by failing to give adequate weight to mitigating factors that would have supported a sentence below the advisory guideline range. The court took into account "the struggles that she's had in her life, mental health and otherwise," but also expressed concern that Khouanmany "has probably as bad a criminal history as any woman I've sentenced." After considering all of the factors set forth in 18 U.S.C. § 3553(a), the court concluded that a sentence within the advisory guideline range addressed the circumstances and was "sufficient but not greater than necessary to address the essential sentencing considerations." A district court has substantial leeway in deciding how to weigh the § 3553(a) factors, and it was not an abuse of discretion for the court to conclude that Khouanmany's evidence in mitigation was not sufficient to justify a sentence below the recommended range.

The judgment of the district court is affirmed.

_____