# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1510
_____

United States of America

*Plaintiff - Appellee*

v.

Aaron Greene

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: March 9, 2020
Filed: April 14, 2020
[Unpublished]

_____

Before GRUENDER, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Law enforcement officers began investigating Aaron Greene after receiving a tip that Greene was soliciting pornographic images from a twelve-year-old girl. During a subsequent interview with the officers, Greene admitted to soliciting and receiving pornographic images over the internet from multiple minors and to engaging in sexual intercourse with at least one minor on two separate occasions. A

forensic examination of Greene's phone revealed multiple pornographic images of minors.

Greene pleaded guilty to three counts of enticement of a minor to engage in sexual activity in violation of 18 U.S.C. §§ 2422(b) and 2427. The district court[1] calculated a total offense level of 43, a criminal history category of I, and a sentencing guidelines recommendation of life imprisonment. The statute provided that an offender shall be "imprisoned not less than 10 years or for life." *See* § 2422(b). The district court granted a downward variance and sentenced Greene to 280 months' imprisonment on each count, to run concurrently.

Greene appeals, arguing that his sentence is substantively unreasonable. He argues the district court gave insufficient weight to the mitigating factors and too much weight to the aggravating factors. "We review a challenge to the substantive reasonableness of a sentence for abuse of discretion." *United States v. Fletcher*, 946 F.3d 402, 409 (8th Cir. 2019). "A sentence within the Guidelines range is presumptively reasonable." *United States v. Peithman*, 917 F.3d 635, 653 (8th Cir. 2019). "Where a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." *Fletcher*, 946 F.3d at 409 (brackets omitted).

Here, the district court properly considered the 18 U.S.C. § 3553(a) factors, including both the aggravating and mitigating factors, and the facts in the presentence investigation report. *See United States v. Timberlake*, 679 F.3d 1008, 1012 (8th Cir. 2012) (presuming that the district court considered mitigating factors where the defendant raised them in his sentencing memorandum and at the sentencing hearing). Noting that one of the purposes of sentencing is to impose sentences that reflect the seriousness of the offense, the district court pointed to one of Greene's most egregious acts: travelling across state lines to engage in sexual

---

[1]The Honorable P.K. Holmes, III, United States District Judge for the Western District of Arkansas.

intercourse with a minor. The district court also noted Greene's age, psychological evaluation, and the fact that he was probably sexually molested as a child.

The district court considered Greene's circumstances and imposed a below-guidelines sentence that it believed was consistent with the goals of sentencing, and we presume that sentence is reasonable. *See United States v. Milk*, 447 F.3d 593, 603 (8th Cir. 2006) (explaining that our circuit "has held that a guidelines sentence is presumptively reasonable" (internal quotation marks omitted)). Further, given the severe nature of Greene's crimes and the fact that the district court varied downward, this is not "the unusual case when we reverse a district court sentence . . . as substantively unreasonable." *United States v. Whitlow*, 815 F.3d 430, 436 (8th Cir. 2016). "A district court has substantial leeway in deciding how to weigh the § 3553(a) factors, and the court was not required to give the allegedly mitigating factors cited by [Greene] more weight than the aggravating factors that led the court to select the sentence imposed." *United States v. Sholds*, 827 F.3d 758, 760 (8th Cir. 2016).

We affirm.

_____