# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-1703

———————————————

United States of America

*Plaintiff - Appellee*

v.

Kristopher Barnard Mitchell, also known as Christopher Mitchell

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Central

——————————

Submitted: November 2, 2021
Filed: November 5, 2021
[Unpublished]

——————————

Before BENTON, KELLY, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

Kristopher Mitchell appeals the sentence the district court[1] imposed after he pled guilty to being a felon in possession of a firearm. His counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967).

———————————————

[1]The Honorable James M. Moody Jr., United States District Judge for the Eastern District of Arkansas.

Mitchell questions whether the district court properly imposed a 4-level enhancement for possessing the firearm in connection with another felony offense. Mitchell did not raise this challenge below, however, and we conclude that the district court did not plainly err in applying the enhancement. *See United States v. Webster*, 820 F.3d 944, 945 (8th Cir. 2016) (per curiam) (standard of review); *see also* U.S.S.G. § 2K2.1(b)(6)(B) (increase by 4 levels if defendant used or possessed firearm in connection with another felony offense) & cmt. n.14(C) (defining "another felony offense").

Further, having independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we grant counsel leave to withdraw[2] and affirm.

————————————————

————————————————

[2]We remind counsel, however, that *Anders* briefing must be done as an advocate for the appellant, and the brief must refer to anything in the record that might arguably support the appeal. *See Penson*, 488 U.S. at 80 (*Anders* brief must refer to anything in record that might arguably support appeal); *Evans v. Clarke*, 868 F.2d 267, 268 (8th Cir. 1989) (*Anders* briefing must be done as advocate).