# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-2606
_____

United States of America

*Plaintiff - Appellee*

v.

Dennis Morris Brown

*Defendant - Appellant*

_____

No. 22-2613
_____

United States of America

*Plaintiff - Appellee*

v.

Dennis Morris Brown

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern

_____

Submitted: January 13, 2023
Filed: March 24, 2023
[Unpublished]

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

While on his second term of supervised release for committing two drug offenses, Dennis Morris Brown violated the terms of his release and committed a new violation of the law. The district court[1] revoked Brown's supervised release, resentenced him to, in total, 27 months' imprisonment followed by 3 years of supervised release, and imposed a special condition that Brown spend up to 120 days in a residential reentry center (RRC) upon his release from custody. Brown appeals, challenging the special condition and the substantive reasonableness of his sentence. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

In 2006, Brown pled guilty to distributing crack cocaine within 1000 feet of a protected location. The district court sentenced Brown to life imprisonment, finding that due to his prior drug convictions he was subject to a mandatory term of life imprisonment under 21 U.S.C. § 841(b)(1)(A) (2006). On appeal, this Court vacated Brown's life sentence and remanded for resentencing, having concluded that Brown's prior convictions were not "felony drug offenses" under §§ 841(b)(1)(A) and 802(44). See United States v. Brown, 598 F.3d 1013, 1018 (8th Cir. 2010). The district court resentenced Brown to 210 months' imprisonment followed by 6 years of supervised release. Brown appealed the reduced sentence, but this Court affirmed. See United States v. Brown, 638 F.3d 816, 819 (8th Cir. 2011) (per curiam). Brown began his first term of supervised release in October 2020, but by March 2021 he had violated his release conditions. The district court then revoked Brown's supervised release and ordered him to serve an additional year of imprisonment followed by 4 years of supervised release, with the special condition that Brown reside in an RRC for up to 90 days upon his release. In February 2022, Brown started his second term of supervised release and was placed in an RRC in

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

-2-

Waterloo, Iowa. On March 20, 2022, Brown signed out of the Waterloo RRC to attend a religious service and did not return. Four days later, Brown called law enforcement to turn himself in. The United States Probation Office subsequently filed a petition alleging that Brown again violated his release conditions by escaping from RRC custody for four days. After Brown was arrested and drug tested, the Probation Office added another violation for his use of methamphetamine while on escape.

Brown admitted the release violations and pled guilty to escape from custody, in violation of 18 U.S.C. § 751. The Supervised Release Violation Worksheet and the Presentence Investigation Report prepared by the Probation Office calculated the advisory Guidelines ranges as 21 to 27 months' imprisonment for the supervised release violations and 0 to 6 months' imprisonment for the escape charge. At a consolidated hearing, the district court sentenced Brown to 21 months' imprisonment with no supervised release to follow for the supervised release violations and to 6 months' imprisonment followed by 3 years of supervised release for the escape charge, to be served consecutively. The district court also mandated that Brown spend 120 days in an RRC as a special condition of his supervised release. Brown timely appealed.

Brown first challenges the RRC special condition imposed by the district court. "We review a district court's imposition of special supervised release conditions for an abuse of discretion." United States v. Woodall, 782 F.3d 383, 385 (8th Cir. 2015) (citation omitted). Sentencing courts have "broad discretion" in imposing special conditions of supervised release. Id. However, we must confirm that such conditions satisfy the requirements of 18 U.S.C. § 3583(d): namely, that each condition (1) "is reasonably related to the relevant sentencing factors set forth in 18 U.S.C. § 3553(a);"[2] (2) "involves no greater deprivation of liberty than is

---

[2]Specifically, § 3583(d) requires sentencing courts to consider § 3553(a)(1), the nature and circumstances of the offense and the history and characteristics of the defendant; (a)(2)(B), adequate deterrence; (a)(2)(C), protecting the public; and

reasonably necessary for the [relevant § 3553(a) purposes];" and (3) "is consistent with any pertinent policy statements issued by the Sentencing Commission." Id. at 385-86 (citation omitted).

Brown argues that placement in an RRC would be detrimental to his rehabilitation because the available RRCs—in Waterloo, Iowa, and Cedar Rapids, Iowa—are far from his home and family in Dubuque, Iowa, and because his previous stay at the Waterloo RRC ended unsuccessfully. The district court recognized these factors but concluded that they did not outweigh the benefits of an RRC special condition. Instead, the district court's substantive review of the relevant § 3553(a) factors emphasized Brown's history and characteristics and the need to provide Brown with a stable environment upon reentry. Indeed, "we have regularly upheld the requirement of a term in a residential reentry center as a reasonable condition of supervised release." United States v. Melton, 666 F.3d 513, 518 (8th Cir. 2012). And we have rejected arguments similar to those made by Brown that a district court errs by requiring a defendant to reside in an RRC "merely because he has failed to succeed there in the past." Id.; see also United States v. Kimball, 830 F.3d 747, 750 (8th Cir. 2016) (upholding RRC special condition under plain error review despite defendant's previous RRC stint during which he violated multiple facility rules). Accordingly, the district court did not abuse its discretion in imposing the special condition of supervised release.

Brown also challenges the substantive reasonableness of both his revocation and escape sentences. We review the substantive reasonableness of sentences under "a deferential abuse-of-discretion standard." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citation omitted). We review a revocation sentence under this same abuse-of-discretion standard. United States v. Dixon, 52 F.4th 731, 733 (8th Cir. 2022). "A district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received significant weight'; (2)

---

(a)(2)(D), providing the defendant with effective educational or vocational training, medical care, or other correctional treatment.

-4-

'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" Feemster, 572 F.3d at 461 (citation omitted). In calculating a revocation sentence, the district court considers only "the relevant § 3553(a) factors incorporated into § 3583(e)." United States v. Clark, 998 F.3d 363, 368 (8th Cir. 2021). "Where, as here, a sentence imposed is within the advisory guideline range, we typically accord it a presumption of reasonableness." United States v. Campbell, 986 F.3d 782, 800 (8th Cir. 2021) (citation omitted).

Here, Brown argues that the district court failed to adequately account for three mitigating factors: that he voluntarily returned to custody after his escape, that he is 63 years old and has spent much of the last two decades of his life in prison, and that he would be better served by being allowed to live near his family in Dubuque. However, the district court adequately reviewed and discussed the relevant § 3553(a) factors for both the revocation sentence and the escape sentence. In particular, the district court emphasized Brown's lengthy criminal history and his history of recidivism and drug use. The district court concluded that these factors counseled in favor of a within-Guidelines-range sentence, and "[a] district court has substantial leeway in deciding how to weigh the § 3553(a) factors." United States v. Sholds, 827 F.3d 758, 760 (8th Cir. 2016). "[T]he court was not required to give the allegedly mitigating factors cited by [Brown] more weight than the aggravating factors that led the court to select the sentence imposed." Id. "[A] defendant's disagreement with the district court's balancing of relevant considerations does not show that the court abused its discretion." Campbell, 986 F.3d at 800.

For the foregoing reasons, we affirm the judgment of the district court.

_____